James BIAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–95–00277–CR, 01–95–00278–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 2, 1997.

Gary Polland, Houston, for appellant.

John B. Holmes, Houston, for appellee.

## OPINION

TAFT, Justice.

Appellant, James Bias, was charged in separate indictments with two aggravated robberies alleged to have been committed on the same day. The cases were consolidated for trial. A jury found appellant guilty as charged in both cases and assessed punishment at 15– and 30–years confinement, respectively. A fine of $500 was also assessed in each case. We address whether any error in unobjected-to prosecutorial argument is preserved for review and the effect of the change in the law that allows an affirmative finding of a deadly weapon to be made against a party to an offense. We affirm.

### Facts

On June 2, 1994, appellant and three other men, each possessing a gun, robbed Thi Lan

Vo and her husband at a grocery store they owned.[1] One of the robbers hit Thi Lan Vo in the head after ordering her to lie on the floor. One fired a shot striking a book near Vo as she lay on the floor. Another gunman fired a shot in the cooler, but no one was struck. Three of the gunmen, including appellant, kicked Vo's husband upon discovering a gun in his pocket. At one point appellant ordered one of his accomplices to shoot Vo's husband. However, they allowed him to stand up so that he could open the cash registers for them. Appellant struck him with a gun during this process. The fourth robber had a long gun and stood by the door.

Later that day, appellant and two other gunmen robbed Lawrence Muras, an assistant manager at a Price Buster's food store. One of appellant's accomplices approached Muras and placed a shotgun in his back and demanded money. At one point two gunmen pointed a shotgun and a pistol at Muras' head, threatening to shoot him. As his accomplices gathered the money, appellant placed a gun to the head of the security guard, pushed him to the ground, and placed his knee in the guard's back. Appellant threatened to pull the trigger if the guard did not give him money. Appellant struck the guard in the head with the gun and took $50 from the guard's pocket. Before leaving, appellant brandished his gun and threatened to "bust a cap" on Muras.

### Voluntariness Findings

In his first point of error, appellant contends the trial court erred in failing to enter an order stating its conclusions as to the voluntariness of appellant's confession. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22 § 6 (Vernon 1981) (requiring trial court to make such findings).

Supplementation of the appellate record with these findings has rendered this point of error moot. *Gonzales v. State,* 807 S.W.2d 830, 832 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Accordingly, we overrule appellant's first point of error.

1. This offense is the subject of. cause number 9414336 in the trial court and cause number 01–

### Prosecutorial Argument

In his second and third points of error, appellant contends he was denied his right to a fair trial and he suffered irreparable harm because the prosecutor engaged in four improper jury arguments.

The parties agree that proper jury argument falls into four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973).

■ In point two, appellant complains of the following prosecutorial argument at the punishment stage of trial:

You've got to protect society. And I'm going to ask you to send him away for life and you say gosh, that seems like a long time. You don't know what the parole board is going to do, how long they are going to keep him off the street. You can't know what the legislature in Austin is going to do.

Appellant's objection, based on the trial court's charge not to consider parole laws, was sustained and the jury was instructed to disregard. However, the trial court denied appellant's request for a mistrial.

■ Ordinarily, remarks concerning parole laws are not permitted. *See Walker v. State,* 859 S.W.2d 566, 569 (Tex.App.—Waco 1993, pet. ref'd). They are admissible, however, when answering opposing counsel's previous comments. *See Franklin v. State,* 693 S.W.2d 420, 429 (Tex.Crim.App.1985); *see also Vigneault v. State,* 600 S.W.2d 318, 329 (Tex.Crim.App.1980).

■ During closing argument, counsel for appellant initially mentioned early release:

The law also tells you whatever time you assess, if you assess time he would have to do half of it before he's even eligible, even eligible for probation [sic].

Appellant opened the door to parole argument, thus inviting the prosecutor to answer.

95–00278–CR in this Court.

*See Walker,* 859 S.W.2d at 569. The prosecutor's reference was, therefore, proper because it was invited. Even if the argument were error, however, the trial court's prompt instruction to disregard cured it. *See Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim. App.1987).

Therefore, we overrule appellant's second point of error.

In his third point of error, appellant complains of three more prosecutorial arguments during the punishment stage. Appellant groups them under one point of error because appellant claims they all constitute improper attempts to induce the jury to punish appellant for being a criminal generally.

■ The first complaint concerns the prosecutor's statement that appellant enjoyed committing crime. Appellant claims there was no testimony supporting it. Appellant objected at trial that the argument was completely outside the record and speculation on the part of the prosecutor. The trial court overruled appellant's objection.

To place the argument in context, the prosecutor was summarizing appellant's life of crime, beginning when he was 14 years old. Appellant began with unauthorized use of a motor vehicle and, three months later, car theft. At age 16, he began committing aggravated robberies with a deadly weapon. The prosecutor asked the jury to consider the tattoos on appellant's arms and whether the pump shotgun told the jury that appellant enjoys committing crime.

Prosecutorial argument that a defendant enjoys committing crime has been upheld as a reasonable deduction from the evidence. *See Bellah v. State,* 641 S.W.2d 641, 644 (Tex.App.—El Paso 1982), *aff'd,* 653 S.W.2d 795 (Tex.Crim.App.1983) (evidence revealed an unprovoked, brutal assault involving numerous stab wounds and the defendant bragged of his crime and contemplated further killings); *Olivarri v. State,* 773 S.W.2d 792, 796 (Tex.App.—San Antonio 1989, no pet.) (evidence showed brutal mutilation of the victim); *Coons v. State,* 758 S.W.2d 330, 337 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (evidence showed torture of victim).

Evidence of appellant's tattoos had been admitted showing one of a pump shotgun with the inscription "trigger gots no heart" and another reading "south park lynch mob." It is a reasonable inference that tattoos reflect things near and dear to the heart of a tattooed person. The evidence also showed appellant committed two offenses involving stolen cars and at least three aggravated robberies involving several robbers and the use of a shotgun. The robberies included unnecessary threats and brutal assaults by appellant. We conclude the evidence sufficiently supports the prosecutor's deduction that appellant enjoyed committing crimes.

■ Appellant next complains of the following statements that occurred near the end of the prosecutor's punishment argument:

He's committed three, three aggravated robberies using a deadly weapon, using guns. That's got to terrify you. Normally three strikes you're out pertains to going to the penitentiary three times. I submitted to you, ladies and gentlemen, three aggravated robberies and you're out regardless of how old you are.

No objection was made to this argument. Appellant claims the argument improperly asked the jury to punish appellant for a crime for which he was not on trial, *i.e.,* the third aggravated robbery he committed as a juvenile.

■ In order to preserve error, a defendant must timely object and obtain a ruling from the trial court. Tex.R.App.P. 52(a). Where no objection is made, nothing is presented for review, even if the argument is so prejudicial that any harm caused could not have been cured by instruction to disregard. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim.App.1996) (overruling prior cases holding to the contrary); *Gonzalez v. State,* 746 S.W.2d 878, 879–81 (Tex.App.—El Paso 1988, no pet.) (concluding, after extensive research, the rule that incurable argument is reviewable without a trial objection is "the rule that never was"). Appellant waived any error as to this argument.

■ Appellant finally complains of the following prosecutorial argument during the punishment phase:

This is a violent, vicious group of which he is a part of [sic]. What was it, says his arm, I just had it tattooed, pump shotgun, triggers have no heart or whatever it was it says. Does that sound like a kid wanting to change or a kid that will tell you anything to keep from going to jail?

Appellant acknowledges that no objection was made at trial. Appellant argues such an attempt to punish appellant as a member of a street gang without any evidence adduced at trial suggesting this fact constitutes fundamental error that no instruction could have cured. Appellant also combines this with the other two arguments to argue the prosecutor deprived him of a fair trial by inviting the jury to punish appellant for being a criminal generally.

For the same reason stated above, appellant failed to preserve error by not objecting at trial. *Cockrell*, 933 S.W.2d at 89. Appellant's cumulative argument would fail anyway because there was evidence that appellant was a part of a violent, vicious group, namely either the "south park lynch mob" shown by his tattoo or the group with which he committed these aggravated robberies, or both.

Therefore, we overrule appellant's third point of error.

### Deadly Weapon Affirmative Finding

In points of error four and five, appellant contends the trial court erred in submitting jury charges in both cases incorrectly stating the law of parties and the use of a deadly weapon and that the evidence is insufficient to support a finding appellant used a deadly weapon during the robbery of Thi Lan Vo.

█ Appellant's argument in point of error four regarding erroneous jury charges is based on a prior state of the law when an affirmative finding of a deadly weapon could only be made if the defendant himself used or exhibited the deadly weapon. *See Travelstead v. State*, 693 S.W.2d 400, 402 (Tex. Crim.App.1985). The Code of Criminal Procedure was amended in 1991 to permit the entry of an affirmative finding based on a determination that a party to the offense knew that a deadly weapon would be used or exhibited during the commission of the offense. Act of May 25, 1991, 72nd Leg., R.S. ch. 541, § 1, 1991 Tex.Gen.Laws 1876, 1876–77 (current version at TEX.CODE CRIM.P.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1996)); *Brosky v. State*, 915 S.W.2d 120, 141 n. 15 (Tex.App.—Fort Worth 1996, pet. ref'd). An affirmative finding is now appropriate in cases where a defendant is found guilty of committing an offense involving the use or exhibition of a deadly weapon as a party.

Accordingly, we overrule appellant's fourth point of error.

█ In appellant's fifth point of error, he claims the evidence is insufficient to show that he used or exhibited a deadly weapon during the robbery of Thi Lan Vo. Appellant argues it is clear from the record that Vo may not have understood the English language when she testified all four men who robbed her had guns:

[Prosecutor]: Did all of the robbers that came in have guns or could you tell?

[Vo]: Four, yeah, four guns.

[Prosecutor]: Four men, four guns?

[Vo]: Four men, four guns.

Appellant's argument hinges on the same outdated authority as his fourth point of error. Even if we addressed the sufficiency of the evidence supporting appellant's personal use or exhibition of a firearm, however, the evidence is sufficient when viewed according to the standard appellant acknowledges is applicable, *i.e.*, in the light most favorable to the State.

Therefore, we overrule appellant's fifth point of error.

### Conclusion

We affirm the trial court's judgments.