**Darron Dante KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–01070–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 1999.

Brenda Doucette, Houston, for appellant.

John B. Holmes, Rikke Burke Graber, Houston, for state.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.[1]

## OPINION

SAM NUCHIA, Justice.

A jury convicted appellant for possession of cocaine with intent to deliver. The trial judge found the enhancement para-

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

graph true and assessed punishment at 12 years confinement. We affirm.

## BACKGROUND

On October 3, 1997, Officer Muller was conducting undercover surveillance in southeast Houston. Through his binoculars, Officer Muller observed appellant sitting on a milk crate in front of the residence at 6515 Cherrydale. On at least three occasions, people walked or drove up to speak with the appellant, whereupon appellant walked to a nearby barbecue pit, removed something from inside, and returned to exchange the item he had removed for money. At one point, Officer Muller could see that appellant was holding several rocks of cocaine.

Officer Muller called Officer Kalka to assist him. Officer Kalka detained appellant and two men who had joined appellant in front of the residence. Officer Kalka found 1.4 grams of cocaine in the barbeque pit. Officer Muller then walked across the street and identified appellant. Officer Kalka arrested appellant and released the other two men.

## DISCUSSION

### *Jurisdiction*

■ The State alleges that this court does not have jurisdiction because appellant did not timely file its notice of appeal. The trial court sentenced appellant and signed the judgment on August 17, 1998. The appellant filed his notice of appeal on September 28, 1998. This exceeds the thirty days normally allowed for filing notice of appeal. *See* Tex.R.App. P. 26.2(a). However, Rule 26.3 allows the appellate court to extend the deadline for filing if the appellant files notice of appeal with the trial court and applies with the appellate court for an extension of the deadline within 15 days after the deadline. Tex.R.App. P. 26.3. On September 28, 1998, within 15 days after the deadline for the notice of appeal, appellant filed notice of appeal with the trial court. On September 30, 1998,

also within the 15 days after the deadline to file an appeal, appellant filed a motion for extension of time to file appeal with this court. We granted the motion. This court has jurisdiction over this appeal.

### *Improper Jury Argument*

■ In his first point of error, appellant contends the State's closing argument was improper because it injected new facts that were not in evidence. Specifically, appellant contends that the prosecutor's statement, "[b]ecause there is a war out there. We are at war on drugs, and the drugs ... [objection]" improperly asks the jury to support a war on drugs because the evidence presented at trial did not indicate that there is a war on drugs.

■ Jury argument must fall within one of four areas to be judged permissible: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Goff v. State*, 931 S.W.2d 537, 547–48 (Tex.Crim. App.1996). Improper jury argument constitutes reversible error when the argument injects new facts harmful to the accused, is extreme, manifestly improper, or violative of a mandatory statute. *Long v. State*, 823 S.W.2d 259, 267 (Tex.Crim.App. 1991).

Rather than an injection of new facts, the prosecutor's statement here was a proper plea for law enforcement. In *Decker v. State*, the court held that the statement: "We are fighting a war against crime," was proper as a plea for law enforcement. 717 S.W.2d 903, 908–09 (Tex. Crim.App.1983); *see also Smith v. State*, 846 S.W.2d 515, 518 (Tex.App.—Houston [14th Dist.] 1993, *pet. ref'd*) (stating "a proper plea for law enforcement includes encouraging the jury to do something about crime, and arguing that society is currently waging war against crime"); *but see Sanders v. State*, 787 S.W.2d 435, 442 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) (stating jury argument *asking* the jury to "back our police department in

their war, their crack down on crack" and "do your part" in the fight against drugs improperly urged the jury to make a finding of guilt). The statement in *Sanders,* that the argument there constituted error, was dicta because the holding in *Sanders* was that the error was waived. Consequently, we do not consider *Sanders* to be authoritative on this issue.

We overrule appellant's first point of error.

■ In his second point of error, appellant contends the prosecutor committed reversible error by asking the jury to place themselves in the shoes of the victims, the residents of the area in which appellant committed the crime. The prosecutor stated:

> If you're not seeing that (the selling of cocaine on the street) every day, the danger is to pretend that it doesn't happen or it's not affecting you, it's not my problem, I don't live on Cherrydale, that's not my house, that is not my neighborhood.

■ As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX.R.APP. P. 33.1(a)(1). A defendant's failure to object to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *see also Bias v. State,* 937 S.W.2d 141, 144 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (holding there is no issue presented for review when no objection is made, even though the complained of argument might be incurably harmful). Appellant did not object to this part of the jury argument; therefore, he has preserved no error for appeal.

We overrule appellant's second point of error.

We affirm the trial court's judgment.