# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-99-00858-CR
===============


**Brian Willis, Appellant**

**v.**

**The State of Texas, Appellee**


==================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 0994022, HONORABLE BOB PERKINS, JUDGE PRESIDING
==================================================================


Appellant Brian Willis appeals from his conviction for possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(a), .115(b) (West Supp. 2000). The jury assessed appellant's punishment, enhanced by two prior felony convictions, at imprisonment for sixteen years and a fine of twenty dollars. In four points of error, appellant complains of the prosecutors' closing argument. We affirm the judgment.

Appellant asserts that both prosecutors, in their closing arguments at the guilt-innocence phase of trial, referred to his post-arrest silence thus violating his federal constitutional right to due process and his state constitutional right against self incrimination. *See* U.S. Const. amend. XIV; Tex. Const. art. 1, § 10.

One prosecutor in her closing argument, argued:

So when you talk about possession and intentionally and knowingly they sort of all go together because you have to use your common sense in that situation.

What would a reasonable person do? This defendant is in a hotel room with contraband throughout the hotel room, residue everywhere. We know that his clothes were in that room because they dressed him when they took him down to the station and *he never said it wasn't his. I mean, that's what a reasonable person would do, right? I mean, if you're being arrested for something that's not yours the first thing out of your mouth is, 'That's not mine.' Did the defendant say, 'This wasn't mine. You got it wrong.'*

(Emphasis added.)

Another prosecutor in his closing argument, argued:

. . . And if you have a doubt about did he knowingly possess it, first again refer to the instruction read to you, and the key thing here is that, I mean, almost odd when law seems to meet with common sense. But in this case it does. Because possession is a voluntary act if a person is aware of his control for a sufficient time to permit him to terminate his control. Because that's what people who are criminals do. If you see something that isn't yours, and you don't want it because it's illegal, you get rid of it or you leave. If you check into a motel room that's been trashed you say I want another hotel room because I'm not getting pinned for this. It's not mine. *Or if you get arrested for it when you're being arrested you say it's not mine. . . .*

(Emphasis added.)

The State contends that in the context of this case these arguments did not constitute a comment on appellant's post-arrest silence, but that they were comments on what the appellant did say. However, as the State points out, these points of error were not preserved for appellate review. When these arguments were made there were no trial objections.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion stating specific grounds for the ruling and that the trial court ruled on the request, objection, or motion. Tex. R. App. P. 33.1(1)(A)(B).

Because appellant failed to make trial objections and obtain rulings of the trial court, the errors complained of were not preserved for review. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994); *King v. State*, 4 S.W.3d 463, 465 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Dean v. State*, 995 S.W.2d 846, 850 (Tex. App.—Waco 1999, pet. ref'd); *Calderon v. State*, 950 S.W.2d 121, 136 (Tex. App.—El Paso 1997, no pet.); *Jenkins v. State*, 948 S.W.2d 769, 778-79 (Tex. App.—San Antonio 1997, pet. ref'd); *Oliva v. State*, 942 S.W.2d 727, 731 (Tex. App.—Houston [14th Dist.] 1997), *pet. dism'd*, 991 S.W.2d 803 (Tex. Crim. App. 1998); *Bias v. State*, 937 S.W.2d 141, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Appellant's points of error are overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Kidd and Dally [*]

Affirmed

Filed: January 11, 2001

Do Not Publish

[*] Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).