TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00858-CR







Brian Willis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0994022, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Brian Willis appeals from his conviction for possession of less than one
gram of cocaine. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(a), .115(b) (West
Supp. 2000). The jury assessed appellant's punishment, enhanced by two prior felony
convictions, at imprisonment for sixteen years and a fine of twenty dollars. In four points of
error, appellant complains of the prosecutors' closing argument. We affirm the judgment.

 Appellant asserts that both prosecutors, in their closing arguments at the guilt-innocence phase of trial, referred to his post-arrest silence thus violating his federal constitutional
right to due process and his state constitutional right against self incrimination. See U.S. Const.
amend. XIV; Tex. Const. art. 1, § 10.

 One prosecutor in her closing argument, argued:


So when you talk about possession and intentionally and knowingly they sort of all
go together because you have to use your common sense in that situation. What
would a reasonable person do? This defendant is in a hotel room with contraband
throughout the hotel room, residue everywhere. We know that his clothes were in
that room because they dressed him when they took him down to the station and he
never said it wasn't his. I mean, that's what a reasonable person would do, right? 
I mean, if you're being arrested for something that's not yours the first thing out
of your mouth is, 'That's not mine.' Did the defendant say, 'This wasn't mine. 
You got it wrong.' 


(Emphasis added.)


 Another prosecutor in his closing argument, argued:



. . . And if you have a doubt about did he knowingly possess it, first again refer
to the instruction read to you, and the key thing here is that, I mean, almost odd
when law seems to meet with common sense. But in this case it does. Because
possession is a voluntary act if a person is aware of his control for a sufficient time
to permit him to terminate his control. Because that's what people who are
criminals do. If you see something that isn't yours, and you don't want it because
it's illegal, you get rid of it or you leave. If you check into a motel room that's
been trashed you say I want another hotel room because I'm not getting pinned for
this. It's not mine. Or if you get arrested for it when you're being arrested you
say it's not mine. . . .


(Emphasis added.)



 The State contends that in the context of this case these arguments did not constitute
a comment on appellant's post-arrest silence, but that they were comments on what the appellant
did say. However, as the State points out, these points of error were not preserved for appellate
review. When these arguments were made there were no trial objections.

 As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or motion
stating specific grounds for the ruling and that the trial court ruled on the request, objection, or
motion. Tex. R. App. P. 33.1(1)(A)(B).

 Because appellant failed to make trial objections and obtain rulings of the trial
court, the errors complained of were not preserved for review. See Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996); Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim. App.
1994); King v. State, 4 S.W.3d 463, 465 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Dean
v. State, 995 S.W.2d 846, 850 (Tex. App.--Waco 1999, pet. ref'd); Calderon v. State, 950
S.W.2d 121, 136 (Tex. App.--El Paso 1997, no pet.); Jenkins v. State, 948 S.W.2d 769, 778-79
(Tex. App.--San Antonio 1997, pet. ref'd); Oliva v. State, 942 S.W.2d 727, 731 (Tex.
App.--Houston [14th Dist.] 1997), pet. dism'd, 991 S.W.2d 803 (Tex. Crim. App. 1998); Bias
v. State, 937 S.W.2d 141, 144 (Tex. App.--Houston [1st Dist.] 1997, no pet.). Appellant's points
of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Kidd and Dally *

Affirmed

Filed: January 11, 2001

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).


ppeals from his conviction for possession of less than one
gram of cocaine. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(a), .115(b) (West
Supp. 2000). The jury assessed appellant's punishment, enhanced by two prior felony
convictions, at imprisonment for sixteen years and a fine of twenty dollars. In four points of
error, appellant complains of the prosecutors' closing argument. We affirm the judgment.

 Appellant asserts that both prosecutors, in their closing arguments at the guilt-innocence phase of trial, referred to his post-arrest silence thus violating his federal constitutional
right to due process and his state constitutional right against self incrimination. See U.S. Const.
amend. XIV; Tex. Const. art. 1, § 10.

 One prosecutor in her closing argument, argued:


So when you talk about possession and intentionally and knowingly they sort of all
go together because you have to use your common sense in that situation. What
would a reasonable person do? This defendant is in a hotel room with contraband
throughout the hotel room, residue everywhere. We know that his clothes were in
that room because they dressed him when they took him down to the station and he
never said it wasn't his. I mean, that's what a reasonable person would do, right? 
I mean, if you're being arrested for something that's not yours the first thing out
of your mouth is, 'That's not mine.' Did the defendant say, 'This wasn't mine. 
You got it wrong.' 


(Emphasis added.)


 Another prosecutor in his closing argument, argued:



. . . And if you have a doubt about did he knowingly possess it, first again refer
to the instruction read to you, and the key thing here is that, I mean, almost odd
when law seems to meet with common sense. But in this case it does. Because
possession is a voluntary act if a person is aware of his control for a sufficient time
to permit him to terminate his control. Because that's what people who are
criminals do. If you see something that isn't yours, and you don't want it because
it's illegal, you get rid of it or you leave. If you check into a motel room that's
been trashed you say I want another hotel room because I'm not getting pinned for
this. It's not mine. Or if you get arrested for it when you're being arrested you
say it's not mine. . . .


(Emphasis added.)



 The State contends that in the context of this case these arguments did not constitute
a comment on appellant's post-arrest silence, but that they were comments on what the appellant
did say. However, as the State points out, these points of error were not preserved for appellate
review. When these arguments were made there were no trial objections.

 As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or motion
stating specific grounds for the ruling and that the trial court ruled on the request, objection, or
motion. Tex. R. App. P. 33.1(1)(A)(B).

 Because appellant failed to make trial objections and obtain rulings of the trial
court, the errors complained of were not preserved for review. See Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996); Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim. App.
1994); King v. State, 4 S.W.3d 463, 465 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Dean
v. State,