Opinion issued June 19, 2003






 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00534-CR
____________
 
EDDIE LEE REED, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 893,971
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Eddie Lee Reed, guilty of aggravated robbery and, after
finding true the allegation in an enhancement paragraph that appellant had a prior
felony conviction, assessed punishment at confinement for 60 years. In two points
of error, appellant contends that the State’s improper jury argument deprived him of
his constitutional right to due process of law


 and that his trial counsel’s failure to
object to the improper jury argument constituted ineffective assistance of counsel. 
We affirm.
Facts
          During the early morning hours of November 15, 2001, Jared Riggenbach and
Carol Ann Odell were delivering milk to various stores. Their truck had a brake
failure, and Odell drove the truck into an empty parking lot. While they worked to
hook their trailer to a new truck, a maroon car pulled up beside them. Two men got
out of the car and pointed guns at Riggenbach and Odell. A third man, the driver,
remained inside the car. 
          Appellant, who was one of the gunmen, was wearing a straw hat and told
Odell, “give me what you got.” The second gunman quickly ran to the front of the
truck and looked inside the cab. Odell testified that appellant was “four, maybe, five”
feet away from her when she was robbed. Appellant took Riggenbach’s wallet and
a silver dollar and Odell’s coinpurse and cellular telephone. Odell further testified
that appellant told them to “turn around and run and don’t look back.” After
Riggenbach and Odell ran for a few seconds, appellant and the second gunman got
into the maroon car, and it sped away.
          Riggenbach and Odell ran to a nearby Whataburger, where they found Houston
Police Officer Amy Backo. They told Backo that they had been robbed and gave her
a description of the car and suspects. Backo then radioed the information to a police
dispatcher. Houston Police Officer David Thomas, while on patrol, saw the maroon
car with the three men inside and attempted to pull it over. The driver of the car
attempted to evade Officer Thomas, but crashed the car into a fence. The three men
ran away from the car, but officers, using a canine, found appellant hiding under a
house. 
          Officer Backo then drove Odell and Riggenbach to the location where
appellant was apprehended, and they both identified appellant as the gunman wearing
the straw hat. Officer Thomas showed Riggenbach and Odell a gun found by the
officers where appellant had been lying underneath the house, and they both
identified it as the gun used by appellant during the robbery.
Jury Argument
          In his first point of error, appellant contends that the State’s improper jury
argument at the guilt stage of trial deprived him of his constitutional right to due
process of law. The State argued, in pertinent part, as follows:
The defendant is the one that decides when you go to trial. If he wants
a trial, he gets a trial. It doesn’t matter how overwhelming the evidence
is against him.

Appellant’s trial counsel made no objection to this argument. 
          The law provides for, and presumes, a fair trial free from improper argument
by the State. Thompson v. State, 89 S.W.3d 843, 850 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied). There are four permissible areas of jury argument: (1)
summation of the evidence, (2) reasonable deductions from the evidence, (3) answers
to the argument of opposing counsel, and (4) pleas for law enforcement. Id. Here,
the State’s argument does not fall into any of the four permissible areas of jury
argument. Wages v. State, 703 S.W.2d 736, 741 (Tex. App.—Houston [14th Dist.]
1985, pet. dism’d). Although the State’s argument was improper, it could have been
cured by an instruction to disregard. Id. 
          Appellant did not object to the argument and did not request an instruction to
disregard. As a prerequisite to presenting a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely request,
objection, or motion. Tex. R. App. P. 33.1(a)(1). A defendant’s failure to object to
a jury argument forfeits his right to complain about the argument on appeal. Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); King v. State, 4 S.W.3d 463, 465
(Tex. App.—Houston [1st Dist.] 1999, no pet.). Moreover, generally, the appropriate
remedy for a curable, erroneous argument is an instruction to disregard. Thompson,
89 S.W.3d at 851. Because appellant did not object to the State’s argument, he has
preserved no error for appeal. 
          We overrule appellant’s first point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that his trial counsel’s failure
to object to the State’s improper jury argument constituted ineffective assistance of
counsel.
          To show ineffective assistance of counsel, an appellant must demonstrate that
his counsel’s representation fell below an objective standard of reasonableness based
on prevailing professional norms, and that, but for counsel’s errors, there is a
reasonable probability the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). A
“reasonable probability” is defined as a probability sufficient to undermine
confidence in the outcome. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). It is appellant’s burden to prove a claim of ineffective assistance of counsel
by a preponderance of the evidence. Thompson, 9 S.W.3d at 813; McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). Appellant must satisfy both
prongs of the Strickland test, or the claim of ineffective assistance will fail. 
Strickland, 466 U.S. at 697, 104 S. Ct. 2052; Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).
          In an effort to satisfy the second prong of the Strickland test, appellant argues
that “the jury might have assessed a different punishment if the prosecutor had not
suggested that appellant had unnecessarily invoked his right to trial.” Appellant does
not argue that the jury would have found him “not guilty” or explain how his
punishment might have been different. The record reflects that the State’s improper
argument was not made during the punishment phase of the trial. Moreover, the
record indicates that the jury found that appellant was previously convicted of a
felony and was not eligible for probation, and that the range of punishment was
confinement for 15 to 99 years or life. Appellant has failed demonstrate how, in
reasonable probability, the result of his trial would have been different but for his trial
counsel’s alleged ineffectiveness.
          We overrule appellant’s second point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).