Opinion issued November 6, 2008









Opinion issued November 6, 2008

 

 

 

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-07-00665-CR and 01-07-00667-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MORELL BIGGERS, III,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause Nos.
039641 & 044718 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MEMORANDUM OPINION

          A jury found Morell
Biggers, III, guilty of two felony charges of sexual assault of a child,
assessed punishment at imprisonment for ten years, and recommended that the
sentence be suspended.  In accord with the jury’s recommendation, the trial
court suspended the sentence and placed Biggers on community supervision for
five years.  The trial court further ordered that the sentences run
consecutively.  On appeal, Biggers challenges two evidentiary rulings,
contending that the trial court erred in admitting a videotaped interview of
the complainant taken at the Harris County Children’s Assessment Center after the complainant had testified at trial, and excluding evidence of the complainant’s
past sexual behavior.  Biggers also contends that the trial court erred in
denying his motion for mistrial based on improper jury argument.  Finding that
the trial court did not abuse its discretion in making the challenged evidentiary
rulings, and that Biggers failed to preserve his improper jury argument issue
for appeal, we affirm.

Background

The complainant’s mother, Monica
Rogers, met Biggers and began dating him in 1987.  During the relationship, Rogers became pregnant, and informed Biggers that she was carrying his child.  Biggers
became angry and upset, suspecting that Rogers had become pregnant by another
man.  He broke off the relationship with Rogers and informed her that he did
not want to be involved in the child’s life.  Rogers raised her daughter, V.,
without Biggers’s participation.  When V. was approximately eleven years old,
however, Rogers found it necessary to apply for public assistance.  As part of
the application process, the attorney general’s office required paternity
testing, which established that Biggers was V.’s father.  

Biggers was required to pay child
support, and received court-ordered visitation with V.   He visited with V.
only once during that period.  Several years later, though, Biggers accepted an
invitation to a family party held to celebrate V.’s prom.  By that time, V. was
fifteen years old.  Biggers began to enforce his visitation rights, so that,
beginning in the summer of 2003, V. went to Biggers’s home every other weekend
and on Wednesday nights.

Shortly after V. began spending time
at Biggers’s home, V.’s demeanor began to change.  She became withdrawn, gained
weight, and did not want to spend time with her mother and siblings.  Rogers noticed the change and asked V. what was wrong, but V. refused to talk about it.  Rogers heard V. arguing on the telephone with Biggers several times.  Once, V. returned to
the house twenty minutes after Biggers picked her up for weekend visitation. 
Following that incident, V. refused to return to Biggers’s house.  

Several months later, in December
2003, V. revealed to her cousin F., that Biggers had sexually assaulted her,
but that she didn’t want F. to tell anyone.  Some time later, on or about
December 22, 2003, V. told her mother about the assaults.  Rogers took V. to
the Children’s Assessment Center, where V. met with the police, a social worker
and a physician.  Following an investigation, the State charged Biggers with
two counts of sexual assault.  He timely appeals from his conviction on those
charges.

Discussion

Standard of review for evidentiary
error

Two of Biggers’s challenges on appeal
concern evidentiary rulings.  We review a trial court’s decision to admit or
exclude evidence under an abuse of discretion standard.  Montgomery v. State,
810 S.W.2d 372, 379 (Tex. Crim. App. 1990); Roberts v. State, 29 S.W.3d
596, 600 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  An abuse of
discretion occurs only if the trial court’s decision is so clearly wrong as to
lie outside that zone within which reasonable persons might disagree.  Montgomery, 810 S.W.2d at 382; Roberts, 29 S.W.3d at 600.  

Error in the admission of evidence is
also subject to a harm analysis under Rule 44.2(b).  See Tex. R. App. P. 44.2(b); Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Couchman v. State,
3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref’d). Under that analysis,
an error does not result in reversal unless it affects a defendant’s
substantial rights, that is, if it has had a substantial, injurious effect or
influence on the jury’s verdict.  Tex.
R. App. P. 44.2(b); see King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall v. State, 961 S.W.2d 639, 643 (Tex. App.—Fort
Worth 1998, pet. ref’d).

          Admission of videotaped
interview 

Biggers’s first issue contends that
the trial court erred in admitting a videotaped interview of V. taken by a
forensic investigator at the Harris County Children’s Assessment Center.  Biggers objects to admission of the videotape on the grounds that it is cumulative of
the live testimony V. had already provided, and that it improperly bolsters her
testimony.  

Although relevant, a trial court may
exclude evidence if its probative value is substantially outweighed by the
needless presentation of cumulative evidence. Tex.
R. Evid. 403.  “Cumulative” implies that other relevant evidence has
been received.  Briones v. State, 12 S.W.3d 126, 128 (Tex. App.—Fort
Worth 1999, no pet.).   Rule 403’s wording suggests that where cumulative
evidence is offered, exclusion is not mandatory, but only an alternative for a
trial court to consider in promoting judicial efficiency.  Id.; see
also Alvarado v. State, 912 S.W.2d 199, 212–13 (Tex. Crim. App. 1995). Whether
the trial court’s ruling is outside the zone of reasonable disagreement thus depends
on whether the videotape’s probative value was substantially outweighed by its
effect on the trial’s efficiency.  

Here, although the videotaped
interview contained information similar to that to which V. had already
testified, it is not “needlessly” cumulative within the meaning of rule 403.  Briones,
12 S.W.3d at 129.  V.’s videotaped testimony rebuts the defense’s effort to
impugn her motive for reporting that Biggers had sexually assaulted her.  The
defense devoted a substantial portion of its cross-examination of V. to
questioning her motive for accusing Biggers of sexual assault, implying that
she falsely accused Biggers because she had argued with him, because she was
jealous of Biggers’s relationship with her step-sisters, and because Biggers
gave his other daughters Christmas presents but had not given any to her.  The
videotaped interview was recorded before Christmas and thus shows V.’s demeanor
closer in time to these incidents, including her reluctance to report the abuse.
 These aspects of her videotaped interview were not present in her trial
testimony and properly rebut the issue of motive raised by Biggers. 

For the same reasons, the trial court
did not abuse its discretion in admitting the videotape over Biggers’s bolstering
objection.  Bolstering generally refers to evidence that improperly supports
the testimony of an unimpeached witness or adds credence or weight to
earlier-introduced evidence.  State v. Balderas, 915 S.W.2d 913, 919
(Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).  Further,
bolstering occurs when the testimony’s sole purpose is to enhance the
credibility of a witness or source of evidence, without adding anything to the
proof of a relevant fact. Cohn v. State, 849 S.W.2d 817, 819–20 (Tex. Crim.
App. 1993).  Regardless of whether a witness is impeached, additional evidence
to the same effect is not “bolstering” if, as here, it makes any substantive
contribution or incrementally tends to further a fact of consequence.  See
Wigiert v. State, 948 S.W.2d 54, 59 (Tex. App.—Fort Worth 1997, no pet.). 
Here, although the videotape was cumulative in the sense that it depicted the subject
matter that V. addressed in her testimony, it is not “needlessly” cumulative
within the meaning of Rule 403 because it substantively contributed to the
State’s rebuttal of the defense’s claim that she fabricated the charges against
Biggers.  See Draheim v. State, 916 S.W.2d 593, 601 (Tex. App.—San
Antonio 1996, pet. ref’d).  Accordingly, we hold that the trial court did not
abuse its discretion in overruling Biggers’s cumulative evidence and bolstering
objections.

Exclusion of evidence of the
complainant’s past sexual history

Next, Biggers contends that the trial
court abused its discretion in refusing to admit evidence of V.’s past sexual
history.  Generally, evidence of specific instances of an alleged victim’s past
sexual behavior is inadmissible in a prosecution for sexual assault. Tex. R. Evid. 412(b).  This general
prohibition is subject to certain exceptions, allowing for admission of such
evidence when:

(1) such
evidence is admitted in accordance with [the procedural requisites set forth
in] paragraphs (c) and (d) of this rule;

(2) it is
evidence:

          (A)
that is necessary to rebut or explain scientific or medical evidence offered by
the State;

          (B)
of past sexual behavior with the accused and is offered by the accused upon the
issue of whether the alleged victim consented to the sexual behavior which is
the basis of the offense charged;

          (C)
that relates to the motive or bias of the alleged victim;

          (D)
is admissible under Rule 609; or

          (E)
that is constitutionally required to be admitted; and

(3) its
probative value outweighs the danger of unfair prejudice.

Tex. R. Evid. 412(b).  According to Biggers, the
trial court should have admitted evidence of V.’s past sexual behavior to rebut
her alleged implication that she had no prior sexual experience.  Biggers’s proffered
evidence, however, is inadmissible for two reasons.  First, it does not come
within any exception to Rule 412’s general prohibition.  Second, contrary to Biggers’s
assertion, V. did not testify to her own sexual experience or lack thereof. 
Rather, Biggers misplaces his contention on statements that (1) Biggers told
V., during the assaults, that he was “trying to show her” about “be[ing] with a
man,” and that she was “going to have to learn to do it sometime,” and (2) when
she was reluctant to report the abuse to the authorities, her mother encouraged
her by telling her that “no one has the right to take your innocence.”  Neither
of these statements raises an issue of admissibility under Rule 609.  See
Tex. R. Evid. 412(b)(2)(D).  Accordingly,
because the proffered evidence was not admissible under any exception to Rule
412(b), we hold that the trial court did not err in excluding it.  Thus, we
need not reach whether the probative value of the proffered testimony outweighed
its danger of unfair prejudice. See Tex.
R. App. P. 47.1.

Motion for mistrial

          In his third issue, Biggers
complains that the trial court erred in denying his motion for mistrial,
contending that the prosecutor’s closing argument improperly created a false
impression concerning the issue of V.’s past sexual experience.  Biggers did
not move for mistrial until after the jury had returned a verdict, and thus
waived this complaint by failing to make a timely objection.  Tex. R. App. P. 33.1(a)(1); see Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (“[A] defendant’s
failure to object to a jury argument . . . forfeits his right to complain about
the argument on appeal.”); see also Bias v. State, 937 S.W.2d 141, 144
(Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that there is no issue
presented for review when no objection is made, even though jury argument might
be incurably harmful).

Conclusion

We hold that the trial court did not
abuse its discretion in admitting the videotaped interview and excluding evidence
of the complainant’s past sexual experience.  We further hold that Biggers
waived any complaint concerning the trial court’s denial of his motion for
mistrial.   Accordingly, we affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

 Panel consists of Justices Jennings,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.2(b).