NUMBER 13-10-384-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ROBERT GRIFFIN,                                                              
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the 94th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

A jury found appellant, Robert Griffin,
guilty of evading arrest or detention using a vehicle, a state jail felony, see
Tex. Penal Code Ann. §
38.04(a)(1)(B) (West Supp. 2010), and assessed punishment at two years’
confinement in a state jail facility, plus a $2,700 fine.  In a single issue,
Griffin argues the trial court abused its discretion by denying his motion for
new trial.  We affirm.[1]

I. Background

            During the punishment phase, the prosecutor
made his closing argument to the jury and stated, in relevant part:

But I—I do want you
to consider evading in a motor vehicle, consider that seriously.  Lt. Stuart
Alexander was killed a year ago by someone evading in a motor vehicle.  I was
one of the prosecutors on that case.  And, in that case, just like this case,
we have a situation where there’s someone who’s fleeing a police officer and by
fleeing multiple officers, and a young man, the same way, this is a young man,
and that young man was tossing stuff out of his vehicle the same way this young
man was tossing things out of his vehicle, and, ultimately, that case, like
this case, led to a crash and led to a collision.  In that case, the collision
was a police officer getting hit by someone’s vehicle.  And that was capital
murder.  And, in that case, it’s evading in a vehicle, because no police
officer was hurt. . . .  

 

Defense counsel did not object to this argument.

1.  Motion for New Trial

            Griffin’s attorney filed a motion for new
trial, alleging, in relevant part, that:

The
State’s closing argument improperly injected new, highly prejudicial facts
outside the record by arguing that the police chase in this case, and the
conduct of Robert Griffin was similar to that of Daniel Lee Lopez, who was
convicted of capital murder after the death of [Corpus Christi police officer]
Lt. Stuart Alexander in a police chase.  As a result of the State’s improper
jury argument, Robert Griffin was deprived of a fair trial; and he should be
granted a new punishment trial.

 

                        * 
*  *  *

 

There is a reasonable
probability that the State’s misconduct caused Mr. Griffin’s sentence to be
harsher than it otherwise would have been.

 

 

Following a hearing, the trial court
denied the motion for new trial.  This appeal followed.

II. Discussion

            In his sole issue, Griffin argues the trial
court abused its discretion by denying his motion for new trial.

1.  Standard of Review

            We review the granting or denial of a motion
for new trial under an abuse-of-discretion standard.  Charles v. State,
146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  As the reviewing court, we do not
substitute our judgment for that of the trial court; rather, we decide whether
the trial court’s decision was arbitrary and unreasonable.  Id. 
Further, we must view the evidence in the light most favorable to the trial
court’s ruling and presume all reasonable factual findings that could have been
made against the losing party were made.  Id.  Accordingly, a trial
court abuses its discretion by denying a motion for new trial only when no
reasonable view of the record could support the trial court’s ruling.  Id. 
We will uphold the trial court’s ruling if the ruling is supported by the
record and is correct under any theory of law applicable to the case regardless
of the trial court’s stated basis.  State v. Stevens, 235 S.W.3d 736,
740 (Tex. Crim. App. 2007).

2.  Analysis

“As a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely request, objection, or motion.”  McDonald
v. State, 186 S.W.3d 86, 91 (Tex. App.–Houston [1st Dist.] 2005, no pet.)
(applying this rule to jury argument) (citing Tex.
R. App. P. 33.1(a)(1)).  “A party’s complaint is regarded as timely when
it was ‘made as soon as the ground for complaint is apparent or should be
apparent.’”  Lovill v. State, 319 S.W.3d 687, 692 (Tex. Crim. App. 2009)
(quoting Aguilar v. State, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000)); see
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (stating that
“[t]o preserve error for appellate review, the complaining party must make a
timely, specific objection.  The objection must be made at the earliest
possible opportunity.”).

Here, the ground for complaint became
apparent when the prosecutor made the complained-of argument, and an objection
should have been lodged as soon as it was made.  “’[A] defendant’s failure to
object to a jury argument . . . forfeits his right to complain about the
argument on appeal.’”  McDonald, 186 S.W.3d at 91 (quoting Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)); see also Bias v.
State, 937 S.W.2d 141, 144 (Tex. App.–Houston [1st Dist.] 1997, no pet.)
(holding that there is no issue presented for review when no objection is made,
even though jury argument might be incurably harmful).  By failing to object,
Griffin forfeited his right to complain about the State’s jury argument on
appeal.[2] 
See id.  Thus, we cannot say that the trial court’s decision
to deny the motion for new trial was arbitrary and unreasonable.  We therefore
hold that the trial court did not abuse its discretion by denying the motion
for new trial.  See State v. Herndon, 215 S.W.3d 901, 911 n.39
(Tex. Crim. App. 2007) (stating that “[a]lthough a timely trial objection is
not a mandatory prerequisite to the consideration of a legal claim in a motion
for new trial, a trial judge may, in the exercise of his discretion, deny a
motion for new trial on this basis. . . .”).  The sole issue for
review is overruled.

III. Conclusion

We affirm the trial court’s judgment.

            

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

12th day of May, 2011.

 

 

 









[1]Griffin
does not challenge the sufficiency of the evidence to support his conviction. 
As this is a memorandum opinion, and the parties are familiar with the facts,
we will not recite them here except as necessary to explain the Court’s
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.

 





[2]We
note that there is no longer fundamental error for jury argument when, as in
this case, a defendant fails to object.  Valencia v. State, 946 S.W.2d
73, 82 (Tex. Crim. App. 1997); see Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996).