

# NUMBER 13-10-384-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

ROBERT GRIFFIN,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Vela

A jury found appellant, Robert Griffin, guilty of evading arrest or detention using a vehicle, a state jail felony, *see* TEX. PENAL CODE ANN. § 38.04(a)(1)(B) (West Supp. 2010), and assessed punishment at two years' confinement in a state jail facility, plus a $2,700 fine. In a single issue, Griffin argues the trial court abused its discretion by denying his

motion for new trial. We affirm.[1]

## I. BACKGROUND

During the punishment phase, the prosecutor made his closing argument to the jury and stated, in relevant part:

> But I—I do want you to consider evading in a motor vehicle, consider that seriously. Lt. Stuart Alexander was killed a year ago by someone evading in a motor vehicle. I was one of the prosecutors on that case. And, in that case, just like this case, we have a situation where there's someone who's fleeing a police officer and by fleeing multiple officers, and a young man, the same way, this is a young man, and that young man was tossing stuff out of his vehicle the same way this young man was tossing things out of his vehicle, and, ultimately, that case, like this case, led to a crash and led to a collision. In that case, the collision was a police officer getting hit by someone's vehicle. And that was capital murder. And, in that case, it's evading in a vehicle, because no police officer was hurt. . . .

Defense counsel did not object to this argument.

### 1. Motion for New Trial

Griffin's attorney filed a motion for new trial, alleging, in relevant part, that:

> The State's closing argument improperly injected new, highly prejudicial facts outside the record by arguing that the police chase in this case, and the conduct of Robert Griffin was similar to that of Daniel Lee Lopez, who was convicted of capital murder after the death of [Corpus Christi police officer] Lt. Stuart Alexander in a police chase. As a result of the State's improper jury argument, Robert Griffin was deprived of a fair trial; and he should be granted a new punishment trial.
>
>       * * * *
>
> There is a reasonable probability that the State's misconduct caused Mr. Griffin's sentence to be harsher than it otherwise would have been.

---

[1]Griffin does not challenge the sufficiency of the evidence to support his conviction. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Following a hearing, the trial court denied the motion for new trial. This appeal followed.

## II. DISCUSSION

In his sole issue, Griffin argues the trial court abused its discretion by denying his motion for new trial.

### 1. Standard of Review

We review the granting or denial of a motion for new trial under an abuse-of-discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). As the reviewing court, we do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary and unreasonable. *Id.* Further, we must view the evidence in the light most favorable to the trial court's ruling and presume all reasonable factual findings that could have been made against the losing party were made. *Id.* Accordingly, a trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* We will uphold the trial court's ruling if the ruling is supported by the record and is correct under any theory of law applicable to the case regardless of the trial court's stated basis. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### 2. Analysis

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion." *McDonald v. State*, 186 S.W.3d 86, 91 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (applying this rule to jury argument) (citing TEX. R. APP. P. 33.1(a)(1)). "A party's

complaint is regarded as timely when it was 'made as soon as the ground for complaint is apparent or should be apparent.'" *Lovill v. State*, 319 S.W.3d 687, 692 (Tex. Crim. App. 2009) (quoting *Aguilar v. State*, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000)); *see Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (stating that "[t]o preserve error for appellate review, the complaining party must make a timely, specific objection. The objection must be made at the earliest possible opportunity.").

Here, the ground for complaint became apparent when the prosecutor made the complained-of argument, and an objection should have been lodged as soon as it was made. "'[A] defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal.'" *McDonald*, 186 S.W.3d at 91 (quoting *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)); *see also Bias v. State*, 937 S.W.2d 141, 144 (Tex. App.–Houston [1st Dist.] 1997, no pet.) (holding that there is no issue presented for review when no objection is made, even though jury argument might be incurably harmful). By failing to object, Griffin forfeited his right to complain about the State's jury argument on appeal.[2] *See id.* Thus, we cannot say that the trial court's decision to deny the motion for new trial was arbitrary and unreasonable. We therefore hold that the trial court did not abuse its discretion by denying the motion for new trial. *See State v. Herndon*, 215 S.W.3d 901, 911 n.39 (Tex. Crim. App. 2007) (stating that "[a]lthough a timely trial objection is not a mandatory prerequisite to the consideration of a legal claim in a motion for new trial, a trial judge may, in the exercise of his discretion, deny a motion for new trial on this basis. . . ."). The sole issue for review is overruled.

---

[2]We note that there is no longer fundamental error for jury argument when, as in this case, a defendant fails to object. *Valencia v. State*, 946 S.W.2d 73, 82 (Tex. Crim. App. 1997); *see Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

## III. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2011.