**Jose Luis Arguijo BRIONES, a.k.a. Jose Luis Arguijo, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–98–550–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 30, 1999.

David Chapman, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Debra Ann Windsor, Anne L. Box, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DIXON W. HOLMAN, Justice.

Pursuant to Texas Rule of Appellate Procedure 50, we have reconsidered our prior opinion upon Appellant's petition for discretionary review. Our opinion and judgment of October 14, 1999 are withdrawn and the following are substituted.

### BACKGROUND

L.C. was the five-year-old daughter of Jennifer Lopez and Roy Cardenas. Lopez and Cardenas were separated. Although L.C. lived with Lopez, L.C. visited Cardenas on alternating weekends and stayed at his one-bedroom apartment where he and Appellant lived.

Appellant and L.C. became friends and played together when she visited. Cardenas asked L.C. if she wanted to spend the night. L.C. told Lopez that she wanted to see Cardenas, but did not want to stay over. While Lopez was giving L.C. a bath to get her ready to go over to Cardenas's apartment, L.C. stated that she did not want to spend the night because Appellant did "bad things" to her. L.C. then pointed to her female sexual organ and claimed that Appellant had touched her there. Lopez called the police and reported that Appellant had sexually abused L.C.

Glenda Wood, an interviewer with the Crimes Against Children Unit of the Tarrant County District Attorney's Office, interviewed L.C. concerning these events. Wood videotaped the interview. On the videotape, L.C. used anatomically correct dolls to demonstrate how Appellant abused her. She also named Appellant as her abuser and described him in detail. Soon

thereafter, L.C. went to Cook's Children's Hospital for an exam. L.C. answered affirmatively when asked specific questions as to whether Appellant had touched her female sexual organ. The physical examination revealed no indications of sexual abuse.

Almost two years elapsed before Appellant's case was brought to trial. L.C. testified against Appellant during the prosecution's case-in-chief, but was inconsistent on cross-examination as to whether Appellant had digitally penetrated her sexual organ and to the frequency of the abuse. L.C. was also reluctant to identify Appellant as her abuser. The State offered the videotaped interview between L.C. and Wood to supplement L.C.'s live testimony.

## POINTS ON APPEAL

Appellant challenges the trial court's admission of L.C.'s videotaped testimony on the grounds that it was cumulative and improperly bolstered L.C.'s testimony. In his second point, Appellant questions the trial court's ruling on his objection to the State's jury argument about probation during the punishment phase of the trial. And last, Appellant argues that the trial court erred in denying Appellant's motion for a mistrial after admitting testimony that bolstered L.C.'s credibility.

### The Videotape

■ In his first point, Appellant challenges the admission of L.C.'s videotaped testimony contending that it was cumulative under Rule 403 and that it improperly bolstered her testimony. See TEX.R. EVID. 403. Appellant further argues that combining L.C.'s live testimony and her videotaped testimony had an injurious effect and influence on the jury.

■ As with all rulings on the admissibility of evidence, we must evaluate the trial court's ruling under an abuse of discretion standard of review. See Green v. State, 934 S.W.2d 92, 101–02 (Tex.Crim. App.1996), cert. denied, 520 U.S. 1200, 117

S.Ct. 1561, 137 L.Ed.2d 707 (1997); Montgomery v. State, 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990). An abuse of discretion occurs where a trial judge acts arbitrarily and unreasonably, without reference to guiding rules or principles of law. See Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd). Thus, the trial court is given wide discretion in determining the admissibility of evidence. See id.; see also Dorsett v. State, 761 S.W.2d 432, 433 (Tex.App.—Houston [14 th Dist.] 1988, pet. ref'd).

■ Texas courts have long recognized cumulativeness as a factor allowing the exclusion of probative evidence. "Cumulative" implies that other relevant evidence has already been received. A careful examination of Rule 403's wording suggests that where cumulative evidence is offered, exclusion is not mandatory, but only an alternative to be considered in promoting judicial efficiency. See Alvarado v. State, 912 S.W.2d 199, 212 (Tex.Crim.App.1995). Therefore, the significance of Appellant's objection depends on whether the videotape's probative value substantially outweighed its effect on the trial's efficiency.

The State, during its case-in-chief, called L.C. to testify. While on the witness stand, L.C. was reluctant to identify Appellant although she finally did so. L.C.'s answers were inconsistent as to whether Appellant had digitally penetrated her sexual organ and the number of times the abuse occurred. During the videotaped interview with Wood, L.C. described the abuse by illustrating with anatomically correct dolls and added additional details regarding the identity of her abuser. The State's expert witness later testified that it is not uncommon for sexually abused children to become reluctant in discussing the abuse as they grow older.

Because there were no other witnesses with first-hand knowledge, L.C.'s testimony, both live and videotaped, was highly probative. See TEX.R. EVID. 401. The videotape added clarity to L.C.'s testimony and to the jury's understanding of the

nature and extent of the abuse. *See Matamoros v. State*, 901 S.W.2d 470, 476 (Tex. Crim.App.1995). Although the videotape was cumulative in the sense that it depicted the same events, it was not "needlessly" cumulative within the meaning of Rule 403. *See Draheim v. State*, 916 S.W.2d 593, 601 (Tex.App.—San Antonio 1996, pet. ref'd). We conclude that the trial court did not abuse its discretion in deciding that the videotape's probative value substantially outweighed the danger of unfair prejudice to Appellant. *See Montgomery*, 810 S.W.2d at 379–80.

■ Appellant also argues that admitting the videotape was improper because it bolstered L.C.'s unimpeached testimony. The Court of Criminal Appeals has defined bolstering as

> evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing "to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Accordingly, evidence that corroborates another witness' story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish a fact of consequence, should not be considered "bolstering."

*Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex.Crim.App.1993) (citations omitted). Regardless of whether a witness is impeached, additional evidence to the same effect is not "bolstering" if, as here, it makes any substantive contribution or incrementally tends to further a fact of consequence. *See Wigiert v. State*, 948 S.W.2d 54, 59 (Tex.App.—Fort Worth 1997, no pet.).

Our review of the record does not indicate that L.C.'s testimony stood unimpeached. Appellant concedes in his brief that L.C.'s live testimony included contradictions. L.C. was reluctant to identify Appellant while on the witness stand. She was unclear as to the extent of the abuse and the number of times it occurred. Because the trial court's ruling falls within the zone of reasonable disagreement, we overrule Appellant's first point.

### Prosecutor's Argument

■ In his second point, Appellant complains that the trial court erred in overruling his objection to the State's jury argument. Appellant asserts that the prosecutor misstated the law during the punishment phase of the trial remarking that probation is equivalent to "everyday conduct." Appellant did not object when the prosecutor made other comments to that effect.

■ To preserve error for an improper jury argument, counsel must object, request an instruction to disregard, and move for mistrial. *See Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim.App.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990); *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982); *Koller v. State*, 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975). Where an impermissible argument is pursued after objection, counsel must lodge a new objection each and every time the objectionable argument is made. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Because Appellant failed to preserve error, we overrule Appellant's second point.

### Motion for Mistrial

■ In his last point, Appellant argues that the trial court erred in denying Appellant's motion for mistrial after admitting testimony which bolstered L.C.'s credibility. On rebuttal, after the presentation of Appellant's case, the State called L.C.'s teacher as a witness. The teacher testified L.C. was responsible, reliable, well-behaved, and a good student. The record then reflects the following:

> Q. [State] Do you think that you have been around [L.C.] long enough and know her well enough to form an

opinion as to whether she is a truthful person?

A. [L.C.'s teacher] Yes.

Q. What would that opinion be?

MR. TRIMBER: Your Honor, I'm, going to object to this. I don't see how this is proper rebuttal.

THE COURT: Sustained.

MR. TRIMBER: I would ask the Court to instruct the jury to disregard this witness' testimony and the prosecutor's line of questioning.

THE COURT: Denied.

■■■■ An objection to evidence is not timely or effective if additional evidence to the same effect is admitted without objection. *See Etheridge v. State*, 903 S.W.2d 1, 14 (Tex.Crim.App.1994), *cert. denied*, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). The teacher's testimony that L.C. was responsible, reliable, well-behaved, and a good student had the same effect as asking the witness whether L.C. was credible. Thus, the State's entire examination of L.C.'s teacher bolstered L.C.'s previous testimony. To preserve error for appellate review, counsel must object each time objectionable testimony is offered. *See* Tex.R.App. P. 33.1; *Amunson v. State*, 928 S.W.2d 601, 607 (Tex.App.—San Antonio 1996, pet. ref'd); *Etheridge*, 903 S.W.2d at 14; *Laurant v. State*, 926 S.W.2d 782, 783 (Tex.App.—Houston [1 st Dist.] 1996, pet. ref'd). Because Appellant did not timely object to other testimony about L.C.'s credibility, he did not preserve error.

In his motion for discretionary review, Appellant argues that this court erred by equating the complainant's character for truthfulness and honesty to other traits such as being a reliable and responsible person. However, this was not the court's holding. When Appellant objected to the prosecutor's question, he only objected to the inquiry of whether L.C. was a truthful person. The court sustained his objection

to the unanswered question. At that moment, the favorable ruling on his objection prevented the witness' opinion as to whether L.C. was a truthful person.[1]

■■■■ Appellant then asked the trial court to instruct the jury to disregard the witness' testimony and the prosecutor's line of questioning. Aside from Appellant's objection to the teacher's opinion regarding L.C.'s truthfulness, Appellant did not object to the testimony that L.C. was reliable, responsible, made good grades, and was a good student. Therefore, any error regarding those questions was waived because Appellant did not object to it in a timely manner as required by Rule 33.1(a). In sum, the trial court did not abuse its discretion because the court sustained his objection to the unanswered question about truthfulness and because he did not object to the testimony about L.C.'s general character, which also reflected upon L.C.'s credibility. Additionally, any error on the trial court's behalf in failing to instruct the jury did not affect Appellant's substantial rights because similar testimony was admitted previously without objection. *See* Tex.R.App. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, —— U.S. ——, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

We overrule Appellant's third point.

### CONCLUSION

Because Appellant failed to preserve error to point two, and because the trial court acted within its discretion in admitting L.C.'s videotaped testimony and denying Appellant's request for a mistrial, we affirm the trial court's judgment.

---

1. When the court sustained Appellant's objection, the jury had not heard the witness' opinion as to whether she believed L.C. to be a

truthful person. Therefore, Appellant was not harmed.