

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00346-CR
### NO. 02-10-00347-CR

EVARISTO RODRIGUEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Evaristo Rodriguez of possession with intent to deliver between one and four grams of cocaine and possession with intent to deliver between four and two hundred grams of heroin, found enhancement allegations in each cause true, and sentenced Rodriguez to life in prison and a $10,000 fine in each cause. In a single point, Rodriguez argues that the trial

---

[1]*See* Tex. R. App. P. 47.4.

court reversibly erred by overruling his objection to the State's jury argument. We will affirm.

The following exchange occurred during the State's closing argument at punishment:

[State]: There are different reasons for punishment.

The first is for the sake of punishment. This defendant deserves every day in the pen that you're going to give him. . . .

But it also allows you to think of deterrence. And, yes, you do need to send a message. But the most important thing is to think about what you're going to tell him, and you're going to tell him that you are not going to tolerate it; you're not going to tolerate his behavior, his spreading this on the streets of Tarrant County.

Because this is what he's done. This is what he does. Defense told you, well, you know what? He's not a violent person. He's never hurt anyone.

*Seriously? I mean, seriously, you're going to believe that he has never hurt anyone?*

*Ladies and Gentlemen, how many people do you think this (indicating) affects?*

[Defense counsel]: I'll object to -- this is outside the record, Judge.

THE COURT: Overrule the objection.

[State]: *How many people would this number of capsules affect and hurt?*

. . . .

*I mean, that's ridiculous to suggest that he's never hurt anyone, that he doesn't have anyone buying these drugs, and he's some ineffective wannabe drug dealer.* [Emphasis added.]

To preserve jury argument error, a contemporaneous objection must be made and an adverse ruling obtained. *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 927 (1993). Further, a contemporaneous objection must occur each time the objectionable jury argument is made or the complaint is forfeited. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *Briones v. State*, 12 S.W.3d 126, 129 (Tex. App.—Fort Worth 1999, no pet.) ("Where an impermissible argument is pursued after objection, counsel must lodge a new objection each and every time the objectionable argument is made.").

Although Rodriguez objected and obtained an adverse ruling in regard to the State's initial argument responding to Rodriguez's contention that he had never "actually physically hurt anybody," Rodriguez did not assert an objection when the State made the same argument after the trial court overruled his objection. Because Rodriguez did not lodge a new objection to the same jury argument, he failed to preserve this point for appellate review. *See Cockrell*, 933 S.W.2d at 89; *Briones*, 12 S.W.3d at 129. We overrule Rodriguez's point and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 11, 2011