02-10-346&347-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00346-CR

NO. 02-10-00347-CR

 

 


 
 
 Evaristo Rodriguez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Evaristo Rodriguez of possession with intent to
deliver between one and four grams of cocaine and possession with intent to
deliver between four and two hundred grams of heroin, found enhancement
allegations in each cause true, and sentenced Rodriguez to life in prison and a
$10,000 fine in each cause.  In a single point, Rodriguez argues that the trial
court reversibly erred by overruling his objection to the State’s jury
argument.  We will affirm.

          The
following exchange occurred during the State’s closing argument at punishment:

          [State]: 
There are different reasons for punishment.

          The first
is for the sake of punishment.  This defendant deserves every day in the pen
that you’re going to give him. . . .

 

          But it also
allows you to think of deterrence.  And, yes, you do need to send a message. 
But the most important thing is to think about what you’re going to tell him,
and you’re going to tell him that you are not going to tolerate it; you’re not
going to tolerate his behavior, his spreading this on the streets of Tarrant
County.

 

          Because
this is what he’s done.  This is what he does.  Defense told you, well, you
know what?  He’s not a violent person.  He’s never hurt anyone.

 

          Seriously? 
I mean, seriously, you’re going to believe that he has never hurt anyone?

 

          Ladies and
Gentlemen, how many people do you think this (indicating) affects?

 

          [Defense
counsel]:  I’ll object to -- this is outside the record, Judge.

 

                   THE
COURT:  Overrule the objection.

          [State]:  How
many people would this number of capsules affect and hurt?

 

          . . . .

 

          I mean,
that’s ridiculous to suggest that he’s never hurt anyone, that he doesn’t have
anyone buying these drugs, and he’s some ineffective wannabe drug dealer. 
[Emphasis added.]

 

          To
preserve jury argument error, a contemporaneous objection must be made and an
adverse ruling obtained.  Cooks v. State, 844 S.W.2d 697, 727 (Tex.
Crim. App. 1992), cert. denied, 509 U.S. 927 (1993).  Further, a
contemporaneous objection must occur each time the objectionable jury argument
is made or the complaint is forfeited.  Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); Briones
v. State, 12 S.W.3d 126, 129 (Tex. App.—Fort Worth 1999, no pet.) (“Where
an impermissible argument is pursued after objection, counsel must lodge a new
objection each and every time the objectionable argument is made.”).

          Although
Rodriguez objected and obtained an adverse ruling in regard to the State’s initial
argument responding to Rodriguez’s contention that he had never “actually
physically hurt anybody,” Rodriguez did not assert an objection when the State made
the same argument after the trial court overruled his objection.  Because
Rodriguez did not lodge a new objection to the same jury argument, he failed to
preserve this point for appellate review.  See Cockrell, 933 S.W.2d at
89; Briones, 12 S.W.3d at 129.  We overrule Rodriguez’s point and affirm
the trial court’s judgments.

 

 

 

BILL MEIER

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 11, 2011









[1]See Tex. R. App. P. 47.4.