ACCEPTED
03-13-00852-CR
4380685
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/5/2015 10:25:53 AM
JEFFREY D. KYLE
CLERK

**Case No. 03-13-00852-CR**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/5/2015 10:25:53 AM

JEFFREY D. KYLE
Clerk

**IN THE THIRD COURT OF APPEALS**

**GREGORY LOPEZ, Appellant**

**vs.**

**THE STATE OF TEXAS, Appellee**

Appeal from Cause No. CR2012-396
From the 22nd Judicial District Court
of Comal County, Texas

**APPELLANT'S AMENDED BRIEF
REQUEST FOR ORAL ARGUMENT**

David K. Sergi
Texas Bar No. 18036000
DAVID K. SERGI &
ASSOCIATES
329 S Guadalupe
San Marcos, TX 78666
Tel: 512.392.5010
Fax: 512.392.5042
E-Mail: david@sergilaw.com
*Attorney for Appellant*

1

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**
Mr. Gregory Lopez

**APPELLEE**
The State of Texas

**DEFENSE COUNSEL AT TRIAL**
David K. Sergi
State Bar No. 18036000
P.O. Box 887, San Marcos, Texas 78666
Tel: (512)-392-5010
Fax: (512) 392-5042
E-Mail: david@sergilaw.com

**STATE'S ATTORNEY AT TRIAL**
Mr. Sammy McCrary
Comal County District Attorney's Office
150 North Seguin Avenue, New Braunfels, Texas, 78130
Tel: (830) 221-1300
Fax: (830) 608-2008.

**APPELLANT'S ATTORNEY ON APPEAL**
David K. Sergi
State Bar No. 18036000
P.O. Box 887, San Marcos, Texas 78666
Tel: (512)-392-5010
Fax: (512) 392-5042
david@sergilaw.com

**STATE'S ATTORNEY ON APPEAL**
Mr. Sammy McCrary
Comal County District Attorney's Office
150 North Seguin Avenue, New Braunfels, Texas, 78130
Tel: (830) 221-1300
Fax: (830) 608-2008

# TABLE OF CONTENTS

Identity of Parties.............................................................................................2

Table of Contents.............................................................................................3

Index of Authorities.........................................................................................4

Statement of the Case .....................................................................................5

Statement Regarding Oral Arguments............................................................6

Issues Presented ..............................................................................................6

Statement of the Facts.....................................................................................7

Argument and Authorities ..............................................................................9

### Point of Error Number One

*Prosecution made an impermissible comment alluding to the Appellant's failure to testify resulting in prosecutorial misconduct........................11*

### Point of Error Number Two

*The trial court erred in denying Defense's motion for directed verdict after a properly sustained objection after the prosecution made the impermissible comment during his final closing argument violating the Appellant's state and federal Constitutional right to remain silent. ...........18*

Conclusion .....................................................................................................22

Prayer.............................................................................................................23

Certificate of Service .....................................................................................24

Certificate of Compliance..............................................................................25

*Index of Authorities*

Cases

*Archie v. State*, 340 S.W.3d 734 (Tex. Crim. App. 2011) ...................... 16, 19

*Brown v. Mississippi,* 297 U.S. 278, 286 (1936) ........................................... 17

*Brown v. State,* 814 S.W.2d 477, 479 (Tex. App.-Dallas 1991, pet. ref'd)... 13

*Carlock v. State*, 8 S.W.3d 717, 724 (Tex. App. - Waco 1999 pet. ref 'd). ..19

*Chavez v. Martinez,* 538 U.S. 760 (2003) ......................................... 17, 18

*Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ...................... 13

*Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) ............ 13, 15

*Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd) ............................................................................................................ 15

*Hammer v. State*, 296 S.W.3d 555 (Tex. Crim. App. 2009) ......................... 21

*Hawkins v. State*, 135 S.W.3d 72 (Tex. Crim. App. 2004) ........................... 19

*Longoria v. State*, 154 S.W.3d 747, 763-64 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). ....................................................................................... 20

*Ludwig v. State*, 428 S.W.3d 344, 351 (Tex. App.—Amarillo 2014)19, 20, 21

*Madden v. State,* 799 S.W.2d 683, 699 (Tex. Crim. App. 1990) ................. 14

*Montoya v. State,* 744 S.W.2d 15, 37 (Tex.Crim. App.1987) ...................... 13

*Mosley v. State*, 983 S.W.2d. 249 (Tex. C. App. 1998) ......................... 19, 21

*Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). ............. 12

*Sauceda v. State,* 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993) ............ 15

*Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) ............... 12, 13

Statutes

U.S. Const. amend. V. ................................................................... 12, 13, 17

Tex. Const. Art. 1, § 10 ....................................................................... 13

TX R APP Rule 44.2(a) ........................................................................ 22

Tex. Pen. Code Ann. § 22.021 ................................................................ 7

Tex. Crim. Proc. Code Ann. art. 38.07(a) ................................................ 21

Tex. Crim. Proc. Code Ann. art. 38.08 .................................................. 12

4

## Statement of the Case

This is a direct appeal from criminal cause number CR2011-599 in the 207th Judicial District of Comal County. The Appellant, Gregory Lopez, was convicted of Continuous Sexual Abuse of a Child. He was sentenced to fifty years in the Texas Department of Criminal Justice.

## Statement Regarding Oral Argument

Appellant requests oral argument in this case because he believes it will aid

the Court in making its determination as to the issues presented herein.

## Issues Presented

### Point of Error Number One
*Prosecution made an impermissible comment alluding to the Appellant's failure to testify resulting in prosecutorial misconduct.*

### Point of Error Number Two
*The trial court erred in denying Defense's motion for directed verdict after a properly sustained objection after the prosecution made the impermissible comment during his final closing argument violating the Appellant's state and federal Constitutional right to remain silent.*

## Statement of Facts

The Appellant was convicted of continuous sexual assault of a child, A.M., and was sentenced to 50 years. *See* Tex. Pen. Code Ann. § 22.021. The claimant testified the Appellant touched her two times, one time on the buttocks while living at a residence on Dollar Drive and the other while living at a residence on Solms. Both residences are located in Comal County, Texas[1].

Mario Moreno, complainants grandfather, testified the Complainant has a reputation for not always being truthful.[2] The Complainant cried out by a text message after she and her mother had been in an escalated verbal argument.[3] Following the text message, the Complainant threatened her mother demanding her mother choose either her or the Appellant.[4]

Complainant's aunt, Alicia Trejo, testified she had found the text message on her brothers phone,[5] and claimed the complainant cried out to her at that time after she confronted the victim about the text message.[6] Then Trejo testified she had told the victim "if she did not like the situation she was in, all she would have to do is cry out," in addition to that, she admitted "over the past 5 to 6 years you

---

[1] R.R. Vol. IV, 114:6-116:5, Oct. 16, 2013
[2] R.R. Vol. IV at 176:5-9
[3] R.R. Vol. IV at 209:9-25
[4] R.R. Vol. IV at 208:22-25
[5] R.R. Vol. V at 82:4-83:3
[6] R.R. Vol. V at 86:18-19

have told [the complainant] that if she needs help, she can outcry and then things will change".[7]

The Complainant admitted she was aware of the way CPS works and that during previous opportunities to outcry she had not stated anything to CPS or anyone else until the escalated fight with her mother occurred.[8] In addition, on several accounts the complainant testified about her dislike towards the Defendant and how mad it made her.[9]

In closing argument, the prosecutor, in his final closing argument commented "And that brings you down to the case. I told you in the beginning there's usually two people present when this occurs that can testify about it. . . . But you get to hear both sides." [10] The Defense had objected to the prosecutions comment, while the prosecution protested, "I can talk about anything that's in the charge," the trial court sustained the objection.[11] A motion for mistrial was requested by the defense after the sustained objection, the motion for mistrial was denied.[12] Following the denied motion for mistrial, the trial court provided curative instructions.[13] The prosecution immediately followed the trial courts

---

[7] R.R. Vol. V 5:19-21.)
[8] R.R. Vol. IV at 127:2-129:2; 155:7-156:3
[9] R.R. Vol. IV at 140:9-13 *See also* R.R. Vol. IV at 143:7-13; R.R. Vol. IV at 149:7-19.; R.R. Vol. IV at 157:10-12
[10] R.R. Vol. VI at 45:16-20
[11] R.R. Vol. VI at 45:21-46:21
[12] R.R. Vol. VI at 46:23-47:1
[13] R.R. Vol. VI at 47:7-18

instructions with the comment "You still get to hear from the Defendant because he talked to the police.[14] In addition, the prosecution directly commented "he's admitted to this crime. He talks about touching this little girl," and at the same time he directly points out an exact time on the interrogation video admitted as exhibit one.[15] In the final four paragraphs, the prosecutor reminds the jury and emphasizes that the Complainant "'sat here and she testified and told y'all what happened,' . . . and that she 'sat right here and [] told you what this man did to her.'"[16] After the jury had found the Appellant guilty of continuous sexual assault, the Defense renewed its motion for mistrial and the trial court denied its motion once again.[17]

## Summary of the Argument

This case must be reversed and rendered because of the prosecutors' flagrant violation of the Appellant's right to silence. Remanded because under the Fifth and Fourteenth Amendment of the United States and Texas Statutory law a Appellant being accused with a criminal charge has the right not to self incriminate. In the present case the prosecution had manifestly intended through an impermissible comment, in his final closing argument, referring to pre-arrest and pre-Miranda interrogation video alluding to the fact the Appellant failed to testify therefore making an impermissible comment that is so prejudicial it is unable to cure the

---

[14] R.R. Vol. VI at 47:22-23
[15] R.R. Vol. VI at 50:10-18
[16] R.R. Vol. VI at 51:5-13
[17] R.R. Vol. VII at 7:8-10:11

jury's prejudicial effect. Second, the trial court abused its discretion when it denied the defense's proper objection to the prosecutorial misconduct after the prosecution violated the Appellant's Fifth Amendment right to remain silent. As a result, the jury rendered a verdict contrary to the law.

## Standard of Review

As to the first point of error, review by the appellate courts on an adverse ruling on *a de novo* basis.

On appeal, the appellate courts do not engage in their own factual review, but rather decide whether the trial court's conclusions were supported by the record. If the trial court's findings are supported by the record, appellate courts are not at liberty to disturb them, and on review, address only the question of whether the trial court improperly applied the law to the facts.

When the posture of a case does not present issues of pure fact, or of mixed questions of law and fact that turn on credibility or demeanor, and presents only questions of the validity of the trial court's legal rulings (as in the instant case), an appellate court's review is *de novo*.

Regarding the second point of error is also reviewed on a *de novo* basis.

**Point of Error Number One**
*Prosecution made an impermissible comment alluding to the Appellant's failure to testify resulting in prosecutorial misconduct.*

**I. The Prosecutor made commentary alluding to the fact that Lopez failed to testify therefore he had made an improper comment that is reversible error.**

In the prosecutor's final closing argument he clearly made an impermissible comment during his final closing argument when he claimed, "I told you in the beginning there's usually two people present when this occurs that can testify about it. One of them has a right not to. . . . But you get to hear both sides".[18] In the bench conference, it is clear by the record the prosecutor believed that it is appropriate and proper to comment on the Appellants right to remain silent and indicated he intentionally made the comment by his statement "I can talk about anything that is in the charge."[19]

Upon hearing the prosecutors comment the defense appropriately objected to the impermissible comment and requested to approach the bench.[20] Following the bench discussion the trial court sustained the objection and the defense immediately requested for proper jury instructions to disregard the last comment followed by a request for mistrial.[21] While the court had given curative

---

[18] R.R. Vol. VI at 45
[19] R.R. Vol. VI at 46
[20] R.R. Vol. VI, at 45
[21] R.R. Vol. VI at 46

instructions to disregard the last comment, it denied the request for mistrial.[22]

The Texas Code of Criminal Procedures. Art. 38.08, states "any Appellant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any Appellant to . . . testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Tex. Crim. Proc. Code Ann. art. 38.08. Under the Fifth Amendment "No person . . . shall be compelled in any criminal case to be a witness against himself, U.S. Const. amend. V-Self Incrimination. The Texas Court of Appeals holds "a comment on a Appellant's failure to testify violates both the state and federal constitutions as well as Texas statutory law." *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011).

In order for a comment to be impermissible, "the implication that the State referred to the Appellant's failure to testify must be a clear and necessary one." *Id.* When assessing whether the Appellant's Fifth Amendment right has been violated, the courts have held "it must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Id.*

The Fifth Amendment generally prohibits a prosecutor from making adverse comment about a Appellant's decision not to testify at trial. *Wead v. State,* 129

---

[22] R.R. Vol. VI at 46

S.W.3d 126, 130 (Tex. Crim. App. 2004). An argument, combined with physical actions, can be of such a character that the jury would naturally and necessarily take it to be a comment on the Appellant's failure to testify. U.S. Const. amend. V; Tex. Const. art. 1, § 10. The Texas Court of Criminal Appeals went on to hold "Our law is clear that commenting upon the Appellant's non-testimonial courtroom behavior to establish guilt is improper argument. *Wead* at 128. Generally a "Permissible jury argument is limited to four areas: 1) summation of the evidence; 2) reasonable deductions from the evidence; 3) responses to opposing counsel's argument; and, 4) pleas for law enforcement." *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995).

The Court holds it "must reverse a conviction if a prosecutor makes an impermissible comment on an accused's failure to testify and directs the jury's attention to the absence of evidence that only the Appellant can supply. *Brown v. State,* 814 S.W.2d 477, 479 (Tex. App.-Dallas 1991, pet. ref'd). Even more so, the prohibition against commenting on a Appellant's silence at trial is rarely cured through an instruction. *Montoya v. State,* 744 S.W.2d 15, 37 (Tex.Crim. App.1987), overruled on other grounds by *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In order to determine whether the comment was permissible or impermissible, the court must determine whether the statements in question were manifestly intended as, or from their character the jury would

13

naturally and necessarily take the statements as a comment on the Appellant's failure to testify. *Madden v. State,* 799 S.W.2d 683, 699 (Tex. Crim. App. 1990), *cert. denied,* 111 S. Ct. 2912 (1991).

In the present case there is no question that the prosecutor's comments were an impermissible comment alluding to the fact that Lopez failed to testify when the prosecutor stated, "that brings us down to the case. I told you . . . there's usually two people present when this occurs that can testify about it. One of them has the right not to. . . . But you get to hear both sides."[23] This is supported by the fact the trial court sustained the objection indicating that it agreed it was an improper comment and followed the sustained objection by not just simple instructions to disregard the last comment, but a more thorough jury instruction to disregard the prosecutions last comment. Furthermore, the trial court also indicated "the accused has the right to remain silent for any purpose."[24] All the more, by the trial court giving a detailed jury instruction, it implicitly acknowledged the prosecution had made a comment in which constituted an improper comment violating the Appellant's Fifth amendment. In fact the record is quite clear by the prosecutor's statement "I can talk about anything that is in the charge."[25], that he intended to make the comment, which demonstrates his manifest intent. By the improper

---

[23] R.R. Vol. VI at 45
[24] R.R. Vol. VI at 45-47
[25] R.R. Vol. VI at 46

14

comment from the prosecutor combined with his physical action of looking and pointing to the defense table, it would be very unlikely from the standpoint of the jury that it would not naturally and necessarily be taken to be a comment on the Appellant's failure to testify and should be considered an improper argument.

When the trial court sustains an objection [for an improper comment] and instructs the jury to disregard but denies a Appellant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial. *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd).

**B. In order to determine if prosecutorial misconduct is reversible error, the Appellate Court must consider if instructions to disregard impermissible comment would cure its prejudicial effect.**

To determine whether the error by the trial court is reversible, the court of appeals considers "whether the argument was extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and is thus so inflammatory that instructions to disregard the argument cannot cure its prejudicial effect." *Sauceda v. State*, 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993, pet. ref'd). And when an argument falls outside of these areas, error occurs. *Id.* Generally the court holds that an instruction to disregard the argument cures the error, *Dinkins* at 357 (1995), however, "Mistrial is the appropriate remedy when . . . curative instructions are not likely to prevent the jury

15

from being unfairly prejudiced against the Appellant.'" *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011)

Here in this case, there are several factors present that the trial court should use to determine if there is reversible error. Even though the improper comment made by the prosecutor was not extreme in the sense it was a direct statement claiming Lopez did not testify as a witness, it was extreme and manifestly improper by the fact the prosecution looked at the jury for the entire closing argument except at the point he made the improper comment, when he stated "there's usually two people present when this occurs that can testify about it. One of then has a right not to,"[26], while turning and pointing at the defense table.

It may be that the prosecution had a legitimate summation of the evidence for most of the jury argument, but even after the court instructed "the State not to refer to the Appellant's right to remain silent for any purpose," [27]the State blatantly disregarded the courts instruction and continued its jury argument directly indicating Lopez confessed to the crime and gave a specific time on the video, 17:13:55, along with a narration of what Lopez said, claiming it was Lopez confessing. Yet, in fact it was Lopez denying it and claiming he was unaware that he even touched her vagina and even if he possibly touched her vagina, it would

---

[26] R.R. Vol. VI at 45
[27] R.R. Vol. VI at 47

16

have been only accidental and in no way purposeful for any reason as verified by Detective Schroeder's testimony.[28]

As a result, the improper comment combined with this new fact that the Appellant made a confession would be so inflammatory that any instructions to disregard would not have cured its prejudicial affect. A confession would exponentially strengthen the prosecutions case, making the improper comment a clear and necessary one, especially because there is testimony from the victim's grandfather that Complainant is frequently dishonest.

Finally, there was a clear violation of a mandatory statutory provision that a Appellant has a state and federal constitutional right not to be a witness against himself. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10. Under *Chavez v. Martinez,* 538 U.S. 760 (2003), the Court ruled, "Statements compelled by police interrogations of course may not be used against a Appellant at trial." *Chavez,* at 767 (2003) (quoting *Brown v. Mississippi,* 297 U.S. 278, 286 (1936)), "but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." *Chavez*, at 767. The Court holds "It is well established that the government may compel witnesses to testify at trial or before a grand jury, on pain of contempt, so long as the witness is not the target of the criminal case in which he testifies." *Chavez,* at 767-68. The Court has continued to hold "we have long

---

[28] R.R. Vol. IV at 17, 19

17

permitted the compulsion of incriminating testimony so long as those statements . . . cannot be used against the speaker in any criminal trial. *Chavez,* at 768.

Here in this case it is obvious that Lopez is the target of the criminal case and that he was at trial. The record clearly shows that Detective Schroeder used known interrogation methods to compel the Appellant into making statements that would eventually be used against him at trial.[29] This is a clear violation of the Appellants state and federal constitutional right not to testify. Since all the factors the trial court look at to determine if the prosecutors comment was improper and it is unlikely that the trial court's instructions cured the affect of the prosecutor's comment, the trial court should have granted a mistrial, therefore the trial court erred in denying the Appellant's request for a mistrial.

**Point of Error Number Two**
*The trial court erred in denying Defense's motion for directed verdict after a properly sustained objection after the prosecution made the impermissible comment during his final closing argument violating the Appellant's state and federal Constitutional right to remain silent.*

**II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENYED THE DEFENSES MOTION FOR DIRECTED VERDICT AFTER THE PROSECUTION HAD MADE IMPROPER COMMENT RESULTING IN CONSTITUTIONAL ERROR.**

**A. To be able to determine if the trial court had abused its discretion the Appellate Court must do a harm analysis.**
A review of the facts of this case Finding that the trial court erred in denying the Appellant's motion for a mistrial and dismissal, a harm analysis is required.

---

[29] R.R. Vol. IV at 20-24

*Carlock v. State*, 8 S.W.3d 717, 724 (Tex. App. - Waco 1999 pet. ref 'd). The appeal court holds to evaluate whether the trial court abused its discretion in denying a mistrial for improper jury argument it uses a three factor analysis from *Mosley v. State,* "(1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Archie,* at 259 (Tex. Crim. App. 1998), citing *Hawkins v. State,* 135 S.W.3d 72 (Tex. Crim. App. 2004); *Mosley v. State,* 983 S.W.2d 249 (Tex.Crim.App.1998).

Under the first factor of the *Mosley* analysis appeal court must look at "the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks)." *Archie,* at 259 (Tex. Crim. App. 1998). "In analyzing the 'severity' or 'magnitude' of the prejudice, [the Court] look[s] at the context of the statement and whether the statement was ever referred to during the balance of the trial." *Ludwig v. State*, 428 S.W.3d 344, 351 (Tex. App.—Amarillo 2014, no pet.).

In regards to the context of the prosecutor's comment, taking the entire final jury argument as a whole, the improper comment was directed at the fact the Appellant had not testified. It is only after the objection is made and sustained that the Prosecutor refers to the interrogation of the Appellant. Had the Prosecutors

19

intent been to actually refer to the interrogation as opposed to commenting on the fact that the Appellant had not testified, then the Prosecutor would have responded ot the objection by advising the Court that he was in fact referring to the interrogation., By his silence in the face of the objection he has forfeited any right to claim that his intent was otherwise. As a result, this factor weighs in favor of reversal. This is a standard to which Texas Courts have held Defense attorneys for decades.

The second *Mosley* factor examines the measures adopted to cure the misconduct, which has been described as the "efficacy of any cautionary instruction by the judge." Ludwig v. State, 428 S.W.3d 344, 351 (Tex. App.—Amarillo 2014, no pet.). In most circumstances, an instruction to disregard improper argument is considered a sufficient response by the trial court. *Longoria v. State*, 154 S.W.3d 747, 763-64 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). This is true even for comments on the Appellant's failure to testify, except in the most blatant cases. *Longoria v. State*, at 764 (2004). Even though the trial court had given instructions to disregard the prosecutor's comment,[30] there could hardly be a more "blatant example" of a prosecutor's comment alluding to an accused's failure to testify. The prosecutor had unmistakably and by design waited until his final jury argument to bring the attention of the jury of the fact the Appellant failed

---

[30] R.R. Vol. VI at 47

to testify by stating "there's usually two people present when this occurs that can testify about it. . . . But you get to hear both sides," knowing this would inject harmful facts into the case. As a result, it is unlikely the trial court's instruction cured the impact of the prosecutor's improper argument and this factor would weigh in favor of reversal.

The third *Mosley* factor considers the certainty of conviction absent the misconduct, that is to say, the strength of the evidence supporting the conviction. *Ludwig v. State*, 428 S.W.3d 344, 351 (Tex. App.—Amarillo 2014, no pet.) In the present case it would be very unlikely that any reasonable jury would be able to convict the Appellant beyond a reasonable doubt without the testimony and a confession by the Appellant. Although it is well known that a jury can convict based solely on the testimony of the complainant, Tex. Crim. Proc. Code Ann. art. 38.07(a), However without a confession from the Appellant, it is very unlikely that the jury would have convicted based off that testimony alone.

Here in this case, the "evidence related to child victim's anger toward Appellant . . . to show victim's motive to falsely accuse Appellant of sexual molestation," *Hammer v. State*, 296 S.W.3d 555 (Tex. Crim. App. 2009), is clearly present throughout the record. Second, there was testimony by the claimant's own family claiming she has previously lied.[31]  Third, there is testimony from the

---

[31] R.R. Vol. IV at 176:8-10

21

complainant's aunt, Alicia Trejo, demonstrating she is source that may have provoked the complainant to fabricate a false allegation.[32] Most importantly, there is testimony by the complainant indicating she is familiar with CPS and the standard question that are asked each time regarding sexual abuse, giving the complainant the present knowledge of the consequences when an allegation is made.[33] For all those reasons, it would be difficult to say that the evidence was so overwhelming that without the improper comment by the prosecution that any reasonable jury would have maintained a conviction.

As a result, certainty of the conviction beyond a reasonable doubt by a reasonable jury would be very unlikely considering the evidence in its entirety absent the prosecutors misconduct. This factor, once again, weighs in favor of reversal. Having analyzed the *Mosley* factors, it cannot be said beyond a reasonable doubt that the trial court's error was harmless. As a result, a reversal is required. TX R APP Rule 44.2(a).

## CONCLUSION

In light of the aforementioned discussion and analysis, it is clear that reversible error occurred and that reversal must be granted and the case rendered due to the severity of the harm, or, the alternative that the case be remanded for a new trial.

---

[32] R.R. Vol. V at 76-79, 83
[33] R.R. Vol. IV at 155:10-156:1

# PRAYER FOR RELIEF

Appellant request that this Honorable Court grant a reversal and rending of the verdict in Appellants favor, or in the alternative that the case be remanded because the prosecutor had made an impermissibly commented on the Appellant's failure to testify in the guilt/innocence phase of trial resulting in an incurable prejudicial effect. And because the trial court abused its discretion by denying a directed verdict after the prosecutorial misconduct that resulted in a Constitutional Error.

Appellant further requests any other relief to which he may be legally entitled.

Respectfully submitted,

Sergi and Associates P.C.
329 South Guadalupe Street
San Marcos, Texas 78666
Tel:  512 392 5010
Fax: 512  392 5042
Email: David@Sergilaw.com

By:/s/ David K. Sergi
   David K. Sergi
   State Bar No. 18036000
   E-Mail: david@sergilaw.com
   Attorney for Gregory Lopez

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2015, a true and correct copy of the foregoing amended brief was served via electronic filing to the District Attorney's Office, Comal County, 150 North Seguin Street, New Braunfels, Texas 78130.

/s/ David K. Sergi
David K. Sergi

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of the Texas
        Rules of Appellate Procedure 9.4(i)(2)(A) because:

        i.  This brief contains 3,964 words, excluding the parts of the
            brief exempted by TEX.R.AP.P. 9.4(I)(1)

2.      This brief complies with the typeface requirements of
        TEX.R.APP.P. 9.4(e) because:

        i.  This brief has been prepared in a proportionally spaced
            typeface using Microsoft Work in 14 pt. Times New Roman.