**Affirmed and Opinion Filed February 2, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00352-CR

### HERSHELL L. STEWART, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1257547-Y**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

Hershell L. Stewart appeals his conviction for aggravated sexual assault of a child under the age of fourteen. A jury found him guilty and sentenced him to twenty years in prison. Appellant brings three issues contending an incorrect jury instruction denied him a unanimous jury verdict and prejudicial error resulted from the trial court's admission of psychiatric testimony. We affirm the trial court's judgment.

Appellant was charged with the aggravated sexual assault of his stepdaughter, C.B. The indictment alleged appellant intentionally and knowingly caused the contact and penetration of C.B.'s sexual organ with his finger, and, at the time of the offense, C.B. was under the age of fourteen. The court's charge instructed the jury to find appellant guilty of aggravated sexual assault if it believed beyond a reasonable doubt that appellant caused his finger to contact *or*

penetrate C.B.'s sexual organ. To prove aggravated sexual assault under both the indictment and section 22.021 of the Texas Penal Code, the State was required to show that appellant's finger penetrated C.B.'s sexual organ. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West 2011). There is no offense of aggravated sexual assault of a child by mere contact between the actor's fingers and the child's sexual organ. The touching of the genitals of another person with intent to arouse or gratify the sexual desire of any person is "sexual contact." *See id.* §21.01(2). Sexual contact between an actor's finger and a child's sexual organ is indecency with a child, not aggravated sexual assault. *See id.* §21.11(a)(1).

In his first issue, appellant argues that, because the charge allowed the jury to convict him of aggravated sexual assault based on a finding of either contact or penetration, he was deprived of his right to a unanimous jury verdict. The State contends that because the evidence showed no contact without penetration, "that was repeated every time in the same manner," contact was subsumed in the act of penetration, and no possibility exists that the verdict was not unanimous.

Texas law requires a unanimous jury verdict on the specific crime the defendant committed. Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2016); *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). The jury must "agree upon a single and discrete incident that would constitute the commission of the offense charged." *Cosio*, 353 S.W.3d at page 771 (citing *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007). When a defendant is charged with multiple offenses, the jury charge may submit the offenses in the disjunctive, but the trial court is required instruct the jury that it must be unanimous in deciding which offense the defendant committed, and the record must demonstrate that the verdict is unanimous. *Ngo v. State*, 175 S.W.3d 738, 747 (Tex. Crim. App. 2005).

We agree the charge allowed the jury to potentially reach a non-unanimous verdict. The charge allowed conviction for aggravated sexual assault based on evidence of either aggravated

sexual assault or indecency with a child. The disjunctive application paragraph containing distinct criminal acts did not instruct the jury that it had to unanimously agree that appellant committed one of the acts. But because appellant did not object to the charge, he must show the charge error caused harm so egregious that he was deprived of a fair and impartial trial. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).[1]

In examining the record for egregious harm, we consider the entirety of the charge, the evidence, including the contested issues and weight of the probative evidence, arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Jourdan v. State*, 428 S.W.3d 86, 97–98 (Tex. Crim. App. 2014). Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id.* at 97. When an appellant asserts the jury charge deprived him of the right to a unanimous verdict, we inquire whether, on the facts of the case, the jury was likely to have reached a non-unanimous verdict. *Id.* at 98.

In this case, appellant's stepdaughter, C.B., testified appellant started abusing her when she was thirteen years old. C.B. recounted three different episodes of abuse. The first two episodes occurred at appellant's house and the third at her mother's house. During the first episode, appellant began by touching her breasts and vagina both over and under her clothes. Appellant then removed C.B.'s clothes and used his mouth on her breasts and vagina. Eventually, appellant took off his own clothes and put his fingers inside C.B.'s vagina, which she said hurt. C.B. stated appellant then "pushed" his penis inside her, which also hurt. When she got up the next morning, she noticed she was bleeding. The second episode involved the same acts. During questioning about the second episode, the State asked her whether it was the same

---

[1] We note that appellant does not assert any error on appeal relating to the charge's failure to require the jury to elect a specific act of sexual abuse.

every time or whether appellant ever did anything differently. C.B. stated "[i]t was the same every time." The third episode occurred at her house when she was fourteen or fifteen. C.B.'s mother was at work. At first, C.B. hid from appellant by staying in her closet but he continually called her cell phone. He touched her vagina over and under her clothes then took her clothes off and "touched my breast and my vagina" with his hands and penis. Appellant "was touching me basically the same way" he had in the previous two episodes.

Appellant testified in his own defense. During his testimony, appellant repeatedly stated he never touched C.B. When asked whether he ever used his finger to penetrate C.B.'s sexual organ, appellant responded "[n]o sir. No sir." At no point did appellant ever argue that he only contacted C.B.'s sexual organ with his fingers.

In fact, other than when the indictment and charge were read to the jury, contact was not discussed and the offense was presented to the jury solely as a digital penetration case. During voir dire examination, the State told the jury, "the indictment for this offense says that we have to prove that the defendant on or about September 5, 2010, in Dallas County, State of Texas, intentionally and knowingly caused the penetration of the female sexual organ of a child under 14." The State went on to define penetration and told the panel, "So, in a case like this where we have alleged digital penetration, we have to prove that it's not an accident. That the defendant's hand didn't just accidentally fall on our victim's sexual organ. Okay. Penetration. We are all adults so I'm pretty sure everybody knows what penetration is, but there's a legal definition of penetration. I'm going to use the top of my water bottle. As long as you break the plane of the opening, it doesn't have to be complete penetration." During the voir dire by the defense, appellant's counsel stated, "The sixth element, he must cause the penetration of the female sexual organ of [C.B.]; seven, a child who was not then the spouse of the defendant; eight, by an

–4–

object, to-wit, the finger of said defendant; nine, and at the time of the offense the child was younger than 14 years of age, okay."

At the beginning of the trial, the State presented the indictment to the jury alleging appellant intentionally and knowingly caused the contact and penetration of C.B.'s sexual organ. The State then told the jury "what we have to prove to you during the course of this trial is that [appellant] used his finger to penetrate her vagina when she was 13 years old." The defense during questioning of appellant, asked only if he penetrated the sexual organ of C.B. During closing arguments, the State reiterated that it had to prove appellant "caused the penetration of the female sexual organ . . . by the use of [his] finger." After summarizing C.B.'s testimony, the State argued that, although C.B. testified about multiple acts of sexual abuse by appellant, "we only have to prove that he digitally penetrated her with his finger."

The jury charge did not define "contact" but specifically defined "penetration" stating "[p]enetration between the labia of the female's private parts by the finger of the defendant is sufficient although the vagina was not entered."

C.B. specifically testified appellant put his fingers inside her vagina. There was no evidence of any instance in which appellant's fingers only contacted C.B.'s sexual organ nor did appellant assert as much. Although the charge used the phrase "contact or penetration," the State told the jury both before and after presentation of the evidence that it was required to prove penetration. Both the State and the defense tried this case as a digital penetration offense. After reviewing the record of the trial as a whole, we conclude the likelihood that the jury did not unanimously find appellant penetrated C.B.'s sexual organ with his finger is exceedingly remote. *See id.* Accordingly, appellant has failed to show egregious harm. We resolve appellant's first issue against him.

In his second and third issues, appellant contends the trial court erred in admitting the testimony of Dr. Christine Choe, a psychiatrist who examined C.B. after she was hospitalized for a drug overdose. Appellant argues Choe's testimony was cumulative of other evidence and, therefore, more prejudicial than probative. Appellant further argues the trial court erred in denying his motion for a mistrial after Choe testified that C.B. blamed her mother for the abuse.

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. See *Gonzalez v. State*, 455 S.W.3d 198, 202 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). We uphold the trial court's ruling if it is reasonably supported by the record and correct under any theory of applicable law unless it falls outside the "zone of reasonable disagreement." *Id.* at 202–03. Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. The mere fact that evidence adversely affects a defendant's case, however, does not, by itself, create a danger of unfair prejudice. *Gonzalez*, 455 S.W.3d at 204. There is no danger of unfair prejudice unless the evidence has an undue tendency to suggest a decision on an improper basis, commonly an emotional one. *Id.*

Appellant complains about Choe's testimony concerning statements made by C.B. and her mother as part of Choe's evaluation of C.B.[2] C.B. was admitted to the hospital for an overdose of medication prescribed to her for problems with sleep, depression, post-traumatic stress disorder, and paranoia. The overdose occurred more than a year after C.B. made her initial outcry about appellant's actions and approximately two years after the abuse began to occur.

Choe was asked to evaluate C.B. to determine whether the overdose was an attempted suicide. During the evaluation, C.B. told Choe she had been arguing with her mother and that she took the pills because she "wanted to go to sleep." C.B. also told Choe that, since the abuse,

---

[2] Appellant was granted a running objection to Choe's testimony.

she had suffered from depression, decreased interest in normal activities, a sense of hopelessness, and difficulty concentrating. She had flashbacks and nightmares about what happened with appellant and was afraid of being around a lot of people because she felt everyone knew about her past abuse. Choe diagnosed C.B. as having major depressive disorder and post-traumatic stress disorder.

Appellant argues this evidence was more prejudicial than probative because C.B. had already testified she was being treated for depression and that she suffered emotionally. Appellant contends the "inflammatory details" concerning flashbacks, nightmares, and potential suicide did not contribute any new or pertinent facts and simply played on the emotions of the jury. We disagree.

Appellant denied any abuse occurred. Accordingly, evidence of psychological harm was relevant to support the State's assertion that the assaults took place. *See id.* Choe's testimony that C.B. was suffering emotionally more than a year after her outcry contradicted appellant's assertion that C.B.'s mother encouraged C.B. to make a false accusation in order to "get" him. Although C.B. testified regarding some of the effects of the abuse, Choe's testimony regarding the length and extent of the emotional trauma was probative of C.B.'s truthfulness and, therefore, not needlessly cumulative.

Even if Choe's statements could be considered cumulative of C.B.'s earlier testimony, this would not mandate exclusion of the evidence. See *Briones v. State*, 12 S.W.3d 126, 128 (Tex. App.—Fort Worth 1999, no pet.). A trial court may exclude probative evidence that is cumulative in the interest of judicial economy, but exclusion is not required. *Id.* Appellant has made no showing that allowing Choe's testimony had any effect on the efficiency of the trial or that such effect was not outweighed by the testimony's probative value.

With respect to the alleged prejudicial effect of Choe's testimony, appellant simply argues that evidence of the specifics of C.B.'s emotional trauma was inflammatory. As previously stated, however, the mere fact that evidence is adverse to the defendant does not create a danger of unfair prejudice. *Gonzalez*, 455 S.W.3d at 204. In this case, evidence of the nature and extent of C.B.'s post-assault symptoms of trauma was relevant to rebut the defensive issue that C.B. had an ulterior motive for making the accusation. The fact that C.B. showed signs of depression and post-traumatic stress disorder more than a year after her outcry tends to disprove appellant's theory that C.B. was lying at the request of her mother. Choe's statements regarding C.B.'s symptoms were not overly detailed or inflammatory in nature and the record does not suggest that admission of this evidence led the jury to make its decision on an improper basis. We conclude the trial court did not abuse its discretion in allowing Choe's testimony.

Finally, appellant argues that one statement made by Choe was so inflammatory it required a mistrial. The State asked Choe if she knew what C.B. and her mother were arguing about before C.B. took an overdose of medication. Choe responded that C.B.'s mother told her C.B. "blamed her mom for [appellant's] rape and was very angry." Appellant objected on the grounds of hearsay and relevancy. The court sustained the objection and instructed the jury to disregard the statement. When appellant moved for a mistrial, the trial court denied the request.

The general rule is that a prompt instruction to disregard will ordinarily cure error in the admission of improper evidence and the jury is presumed to follow the trial court's instruction absent evidence indicating otherwise. See *State v. Boyd*, 202 S.W.3d 393, 402 (Tex. App.— Dallas 2006, pet. ref'd). We review a trial court's refusal to grant a mistrial for an abuse of discretion. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is required only in extreme cases where the prejudice is incurable. Id. The determination of

whether a mistrial is required must be made by examining the particular facts of the case. See *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Appellant argues Choe's statement was highly prejudicial because she was a doctor giving an opinion on the ultimate issue before the jury. But Choe's statement did not convey her opinion on whether appellant raped C.B. and merely related what C.B.'s mother told her was the reason for the argument leading up to C.B.'s overdose. Although the fact that C.B. blamed her mother for the abuse was not relevant to the case, it is not of such a character that an instruction to disregard would not cure any harm caused by the statement. The State never referenced the statement after the jury was instructed to disregard it and there is no indication in the record that the jury did not follow the trial court's instruction. We resolve appellant's second and third issues against him.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.1
150352F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HERSHELL L. STEWART, Appellant

No. 05-15-00352-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1257547-Y.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 2, 2017.